Filed 11/24/14  P. v. Jackson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>BOBBIE DENISE JACKSON,<br><br>     Defendant and Appellant. | F067596<br><br>(Fresno Super. Ct. No. F13903674)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Don Penner, Judge.

Eleanor M. Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Poochigian, Acting P.J., Franson, J. and Peña, J.

**INTRODUCTION**

Appellant/defendant Bobbie Denise Jackson pleaded guilty to second degree robbery (Pen. Code, § 211) and was sentenced to the lower term of two years pursuant to a negotiated disposition. On appeal, her appellate counsel has filed a brief which summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Defendant has asked for review of certain issues, particularly her claim that she entered her plea purportedly based on promises from the court, her attorney, and the probation officer that she would be placed on probation. We affirm.

**FACTS[1]**

On the evening of May 27, 2012, defendant and a male companion entered the Target store in Clovis. They selected a child's "sippy" cup and a black T-shirt. They left the store without paying for the merchandise.

The store's loss prevention officer saw the incident and followed defendant and her male companion out of the store. He approached and spoke to them and tried to retrieve the merchandise. Defendant became violent and aggressive. The loss prevention officer attempted to take control of defendant, but she pulled away from him. Defendant began throwing punches and a fight ensued. Two security guards arrived and pinned defendant on the ground. One security guard sat on top of her and she began vigorously biting his left arm.

As defendant struggled with the security guard, the male companion grabbed her purse and began swinging it wildly in an attempt to create space between defendant and the security guards. Defendant was able to get away. Defendant and the male companion ran to a white minivan and escaped in the vehicle. The witnesses obtained the

---

[1] The parties stipulated to the following factual basis for defendant's plea, based on the probation report's summary of the police report.

car's license plate number. They also discovered that defendant dropped a casino membership card with her name on it.

The police determined the vehicle was registered to defendant. They went to defendant's residence and found the male companion pulling out of the driveway in the minivan. He eventually admitted he had been in the store with defendant that day, and said defendant was in the house.

The police officers located defendant in a back bedroom of the residence. Defendant refused to leave the house. The officers advised her that child protective services would be called to take her child. Defendant finally emerged from the residence. However, she was still not cooperative, and the officers threatened to use a Taser. Defendant finally complied with the officers' orders. She was placed in the back seat of a patrol car, but she became irate and began kicking the interior door.

On March 14, 2013, a complaint was filed in the Superior Court of Fresno County charging defendant with second degree robbery, that she took property by means of force and fear from the security guard. On May 29, 2013, defendant pleaded not guilty.

**Plea Proceedings**

On June 3, 2013, defendant pleaded no contest to second degree robbery pursuant to a negotiated disposition. Defendant was represented by Deputy Public Defender Cynthia Cohn. In entering the plea, defendant signed a felony advisement/waiver of rights/change of plea form, which stated she was pleading no contest to second degree robbery; it was a strike conviction; it had a maximum sentence of five years in prison; and the plea was for the "mitigated lid."

At the plea hearing, Ms. Cohn advised the court that defendant would plead guilty to second degree robbery for the "mitigated lid" of two years. The court asked defendant if that is what she intended, and defendant said yes. The court showed defendant the change of plea form and asked if she had signed and initialed it, if Ms. Cohn assisted her,

3.

and if she understood the contents of the form. Defendant said yes. Ms. Cohn stated defendant understood the terms and conditions of the plea agreement.

The court advised defendant of her constitutional rights, defendant said she understood her rights, and she waived them. The court also advised defendant she was pleading to a strike, and she said she understood.

The court asked defendant whether, aside from the statements in court and on the plea form, anyone made statements or other promises to her which were different than what had been discussed; if she had been threatened; or if she was under the influence of drugs, medication, or alcohol. Defendant said no. The court asked defendant if she had any questions for the court or wished to speak privately to her attorney before she entered the plea. Defendant said no.

After taking defendant's plea, the court denied her motion for release on her own recognizance. The court remanded her without bail.

**The Probation Report**

The probation report stated defendant had the following misdemeanor convictions for which she was placed on probation: Petty theft in 1993; possession of marijuana in 1998; grand theft property in 2004; and theft of personal property in 2010 and 2012. Defendant was statutorily eligible for probation. The aggravating circumstances were: The manner in which the crime was carried out indicated planning, sophistication, or professionalism; defendant engaged in violent conduct which indicated a serious danger to society; her prior convictions were numerous or of increasing seriousness; and she was on probation or parole when the crime was committed. The mitigating circumstances were that defendant voluntarily acknowledged wrongdoing at an early stage.

Defendant told the probation officer she was ashamed about her actions. She stole the merchandise so she could sell it and " 'get money for her drinks.' " Defendant was embarrassed and "just want[ed] to go home." Defendant asked to receive probation and electronic monitoring.

4.

The probation report recommended denial of probation and imposition of the midterm of three years in prison.

> "The defendant has a criminal history, which dates back to 1993. Although convicted solely of misdemeanor charge[s], four out of the five cases were for some sort of theft. It is clear that she did not learn her lesson, and the several grants of probation were unsuccessful with rehabilitation. The defendant forcefully bit a loss prevention officer numerous times, causing him to get medical attention. It appears her criminal behavior is continuing, and escalating in severity. Your officer feels that the defendant is in need of a wake-up call, and that if she were afforded yet another grant of probation, it would only be a matter of time before she reoffended."

**The Sentencing Hearing**

On July 1, 2013, the court conducted the sentencing hearing. Defense counsel argued defendant should be placed on probation because she was very remorseful, she entered a plea early in the proceedings, she had young children, and she did not use a weapon. Defense counsel conceded she bit the loss prevention officer but did so because he was lying on top of her and she could not breathe. The prosecutor said the loss prevention officer was "bleeding profusely" after defendant bit him, and defendant's companion shouted that he had a gun as they escaped in the minivan, which caused the witnesses to retreat for their own safety. Defendant's husband appeared at the hearing and asked the court to place her in a "community program" because she was an addict, and she should not be sent to prison because she had young children and needed to take care of them.

The court denied probation and noted defendant had a prior record for theft-related misdemeanors, she was on probation when she committed this offense, and this was her first felony conviction. The court found defendant posed a potential danger because she chose to assault the loss prevention officer who was trying to detain her. The court imposed the lower term of two years in prison consistent with the negotiated disposition.

5.

As the court imposed the sentence, defendant interrupted and said she was on drugs when she committed the offense, and she bit the victim because he threw her on the ground, he was on top of her, and she could not breathe. The court continued with the sentence, and defendant said she wanted to "pull back" her plea. The court finished imposing the sentence and remanded her into custody. Defendant again said she wanted to "take back" her plea and insisted she was not on probation when she committed the offense. The court replied that according to the probation report, defendant was placed on probation in February 2013, and she committed the offense in May 2013.

The probation officer explained the probation report erroneously stated the instant offense occurred in 2013. The probation officer and defense attorney concurred defendant pleaded to an offense which occurred in May 2012.

The court again reviewed the probation report and clarified that defendant was placed on three years of probation for petty theft in June 2010, and she was still on probation when she committed this offense in May 2012. The court also said it would not allow defendant to withdraw her plea.

On July 9, 2013, defendant filed a timely notice of appeal limited to issues arising after the entry of her plea. She did not request or receive a certificate of probable cause.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised she could file her own brief with this court. By letter on September 26, 2013, we invited defendant to submit additional briefing. In response, defendant sent the following correspondence to her appointed appellate counsel, who forwarded them to this court.

### *Defendant's Letters*

On or about October 8, 2013, defendant wrote a "To whom it may concern" letter indicating that Ms. Cohn, her defense attorney, told her that if she entered the plea and "took that strike," that she would be placed on felony probation, and "I could go home."

6.

Defendant further asserted that at the sentencing hearing, Ms. Cohn told her that "probation has accepted me but she was going to recommend adult work program, but Judge Penner stated I was on probation and I wasn't. I would of [*sic*] not took that strike, but what I signed for was felony probation with a strike, and probation granted me probation." Defendant claimed she had been accepted by the "Fresno First" program, the court should have placed her in that program, and that would have allowed her live there with her two young children while she was going through a treatment program.

Defendant attached a petition for writ of habeas corpus form to this letter. In the writ petition, defendant again stated she was told that she would be placed on felony probation if she "took" a strike, the probation officer interviewed her in jail, and the probation officer said she had been approved for probation. Defendant stated that Ms. Cohn recommended an adult work program. Defendant stated she was "sure" the judge said he would approve felony probation, but he incorrectly thought she was on probation when she committed this crime. Defendant said she would not have taken the strike, her sentence was not what she had signed for, and the judge went against his word when he sentenced her to two years.

On or about November 15, 2013, defendant submitted another letter addressed to "To whom it may concern" and stated she was in state prison; she had attended and completed numerous programs in prison for drug addiction, domestic violence, and anger management; she had learned her lesson; and she had been accepted in the "Fresno First" treatment program. Defendant asked this court for an order to release her from prison so she could finish her "time" in the treatment program.

### *Analysis*

Defendant raises several issues in these letters which are meritless. First, defendant's notice of appeal was limited to her sentence or matters occurring after the plea that did not affect the validity of the plea. Her letters to this court raise allegations that certain promises were made to induce her plea, which address the validity of her no

7.

contest plea. "A defendant may not appeal 'from a judgment of conviction upon a plea of guilty of nolo contendere,' unless [s]he has obtained a certificate of probable cause. [Citations.] Exempt from this certificate requirement are postplea claims, including sentencing issues, that do not challenge the validity of the plea. [Citations.]" (*People v. Cuevas* (2008) 44 Cal.4th 374, 379.) Defendant failed to request or obtain a certificate of probable cause and she is thus foreclosed from challenging the validity of her plea on appeal.

Second, even if we were to consider these issues, we are "limited to the four corners of the [underlying] record on appeal …." (*In re Carpenter* (1995) 9 Cal.4th 634, 646; *People v. Waidla* (2000) 22 Cal.4th 690, 703, fn. 1.) The entirety of the appellate record before this court refutes defendant's claims that she was promised felony probation in exchange for her plea. Defendant signed a plea form that stated the maximum possible sentence was five years, and she was entering her no contest plea to second degree robbery, a strike conviction, for the mitigated lid. The plea form did not mention anything about probation. At the plea hearing, defendant affirmed that she had read, understood, and signed the plea form. The court again explained the terms and conditions of the plea, and further explained that it was for the mitigated lid of two years. The court never said it would grant or even consider probation. The court asked defendant whether anyone had made any additional promises to her. Defendant said no.

At the sentencing hearing, the court reviewed the probation report, which summarized defendant's statements of remorse to the probation officer and her request for probation. However, the report never stated that probation would be recommended. Instead, the probation officer recommended denial of probation and imposition of the midterm of three years. The court ultimately imposed the lower term of two years, consistent with the negotiated disposition.

The entirety of the appellate record thus undermines defendant's claim that the court, her attorney, and/or the probation officer told her that she had either been approved for or would be placed on probation in exchange for her plea.

Third, defendant claims the court sentenced her to prison only because it erroneously believed she was on probation when she committed the offense in this case. As explained above, the court erroneously cited to the grant of probation in 2013 when it reviewed the aggravating circumstances, and thought the instant offense occurred the same year. Defendant and her attorney objected. Upon reviewing the record, the court clarified that she had also been placed on probation in 2010, and she was still on probation when she committed the instant offense in 2012.

Fourth, defendant has filed a writ petition with this court and restated these same allegations about felony probation. In contrast to an appeal, review of a petition for writ of habeas corpus is not limited to the four corners of the record on appeal but extends beyond the record on appeal. (*People v. Waidla, supra*, 22 Cal.4th at p. 703, fn. 1.) In this case, however, defendant has not submitted any evidence to support her allegations and refute the appellate record. For example, defendant claims in her writ petition that the probation officer recommended her for probation. This claim is refuted by the probation report, and defendant has not submitted any evidence to undermine the report's contents. Defendant also claims her defense attorney recommended an adult work program. At the sentencing hearing, defense counsel urged the court to impose probation but did not discuss any type of program. Defendant further claims the judge would have placed her on probation but for his erroneous belief that she was already on probation when she was arrested in this case. As we have explained, the court clarified that defendant had been placed on probation in 2010, and she was still subject to the terms of that probationary period when she was arrested in this case. The court never stated that it would have placed defendant on probation but for her existing probationary status.

9.

Finally, defendant's letters request this court to order her release from prison to some type of narcotics program. This court does not have the authority to do so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.