Filed 2/18/14  P. v. Barnett CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062870 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN303686) |
| PATRICK BARNETT, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Kimberlee A. Lagotta, Judge.  Judgment affirmed.

Jessica C. Butterick, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Kathryn Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

Patrick Barnett pleaded guilty to one count of gross vehicular manslaughter while intoxicated with the parties agreeing to a "lid" of six years in prison.  He contends the matter must be remanded for resentencing because the trial court violated his due process

rights by relying on unverified facts from the prosecutor's sentencing brief. He also asserts that the trial court abused its discretion in imposing the maximum possible sentence under the plea agreement because it relied on improper aggravating factors to support that choice. We reject his contentions and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On a rainy day in March 2012, Barnett, a United States Marine Corps Corporal, drove his car while intoxicated. The car crashed into a palm tree, killing his passenger Thoai Khiem Dinh. Barnett claimed that his car spun after it hit a puddle and began to hydroplane. A taxi driver that observed the car shortly before the crash told authorities that the driver appeared to be braking and accelerating simultaneously, causing the car to spin and drift on the wet pavement.

At the sentencing hearing, the victim's family stated they held nothing against Barnett and asked the court to be lenient. Defense counsel requested that the court find unusual circumstances and grant probation. The prosecution requested the low term of four years or the midterm of six years. The probation report recommended the middle term "as the factors appear balanced." Barnett was presumptively ineligible for probation and the trial court found the matter was not an unusual case in which probation may be granted. After weighing the aggravating and mitigating circumstances, the court found that the aggravating circumstances outweighed the mitigating circumstances "enough so that the court chooses not to deviate from the middle term [of six years] in this case." Barnett timely appealed.

2

DISCUSSION

Barnett contends the court violated his due process rights by relying on the prosecutor's sentencing brief which contained assertions of fact that were not supported by any sworn statements or official reports. He also argues that the trial court abused its discretion by relying on improper aggravating factors. Barnett concedes that defense counsel did not raise these issues below, but argues his contentions are not forfeited because his defense counsel lacked notice of the objectionable material and a meaningful opportunity to object. Even assuming these issues were forfeited, he claims we should exercise our discretion to consider the claims to forestall a future habeas corpus petition.

The Attorney General asserts: (1) Barnett's appeal should be dismissed because he stipulated to a maximum sentence of six years and waived his right to appeal any stipulated sentence as part of his plea; (2) defense counsel had notice of the issue and forfeited any error by not objecting below; (3) the prosecutor's sentencing brief did not violate due process; (4) even assuming the trial court abused its discretion by considering unverified statements in the prosecutor's sentencing brief, Barnett failed to show prejudice; and (5) the court properly exercised its sentencing discretion.

The selection of a sentence rests with the discretion of the trial court. (Pen. Code, § 1170, subd. (b).) The court may consider circumstances in aggravation or mitigation and any other factor reasonably related to the sentencing decision. (Cal. Rules of Court, rule 4.420(b).) (Undesignated statutory references are to the Penal Code and all rule references are to the California Rules of Court.) Statements in aggravation and

mitigation must be filed and served at least four days before the time set for sentencing. (§ 1170, subd. (b); rule 4.437(a).)

Sentencing judges have virtually unlimited discretion as to the kind of information they can consider and the source whence it comes. (*People v. Hove* (1999) 76 Cal.App.4th 1266, 1275.) They may consider responsible unsworn or out-of-court statements concerning the convicted person's life and characteristics and may receive evidence that might otherwise not be admissible at trial. (*People v. Roberts* (2011) 195 Cal.App.4th 1106, 1128.) "Fundamental fairness, however, requires that there be a substantial basis for believing the information is reliable." (*People v. Lamb* (1999) 76 Cal.App.4th 664, 683.)

As a preliminary matter, we reject the Attorney General's assertion that this appeal must be dismissed because Barnett waived his right to appeal any stipulated sentence as part of his plea. The record reflects that the parties agreed to a sentencing "lid" of six years. Where, as here, parties agreed to a maximum sentence, they leave unresolved the appropriate sentence within the maximum and preserve the right to urge the exercise of discretion in favor of a shorter term. (*People v. Cuevas* (2008) 44 Cal.4th 374, 376; *People v. Buttram* (2003) 30 Cal.4th 773, 785.) We conclude, however, that Barnett forfeited his arguments by failing to object below. Even assuming the issues were not forfeited, we reject his contentions on their merits.

The proof of service for the prosecutor's sentencing brief shows it was served the day before the hearing. Although the brief was not served the required four days before the hearing, defense counsel did not object to it on this basis, nor did counsel object to the

4

prosecutor's arguments at the hearing which summarized the factual information contained in his sentencing brief, such as Barnett's training from the Marines regarding the dangers of drunk driving, Barnett being warned before the accident about his need to have a designated driver, and Barnett's past citations for excessive speed.

Defense counsel had notice and opportunity to object to the alleged unreliable factual statements contained in the prosecutor's sentencing brief, but failed to do so. The failure to object forfeited the alleged error. (See *People v. Scott* (1994) 9 Cal.4th 331, 348, 353.) We reject Barnett's contention that defense counsel lacked a meaningful opportunity to object because the court failed to issue a tentative ruling. Defense counsel could have voiced an objection after the prosecutor argued and at any time during the trial court's recitation of the aggravating factors. Even assuming the issue was not forfeited, the sentencing brief and oral argument suggest the prosecutor obtained the information presented to the court from a police report that contained Barnett's own statements, statements from members of Barnett's company, and a statement from a Marine corporal that spoke to Barnett in a bar before the accident. Thus, we reject Barnett's claim that the factors listed in the prosecutor's sentencing brief were so unreliable as to violate his right to due process.

We also reject Barnett's assertion that this matter must be remanded for resentencing because the trial court improperly used the elements of the crime as aggravating factors and all other aggravating factors cited by the trial court were improper. First, Barnett forfeited this claim by failing to raise it below. (*People v. Scott*, *supra*, 9 Cal.4th at pp. 351-353; see also *People v. Ortiz* (2012) 208 Cal.App.4th 1354,

1371 [defendant "must object at the time of sentencing if the trial court . . . double-counts a particular sentencing factor"].) In any event, we observe that the claim would likely fail on its merits.

The court's sentencing decision is reviewed for an abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) A single factor in aggravation is sufficient to justify a sentencing choice. (*People v. Brown* (2000) 83 Cal.App.4th 1037, 1043.) The court need not weigh aggravating and mitigating factors, nor state a reason for rejecting a mitigating factor. (*People v. Sandoval*, at p. 847.) When a trial court gives both proper and improper reasons for a sentence choice, we will set aside the sentence only if it is reasonably probable that the trial court would have chosen a lesser sentence had it known that some of its reasons were improper. (*People v. Price* (1991) 1 Cal.4th 324, 492.)

Here, the trial court found Barnett presumptively ineligible for probation and Barnett does not contend the trial court abused its discretion when it found no unusual circumstances warranted the grant of probation. (*People v. Stuart* (2007) 156 Cal.App.4th 165, 178 [finding that a case may or may not be unusual is reviewed for an abuse of discretion].) Given the parties agreement that the maximum sentence the court could impose was the middle term, the court's only sentencing options were the low or middle terms for four or six years. (§ 191.5, subds. (a), (c)(1).)

First, as addressed above, the aggravating factors contained in the prosecutor's sentencing brief, and recited by the trial court, were not unreliable as the record suggests the prosecutor obtained the information from a police report. Defense counsel's failure to object and argument at the sentencing hearing suggest he had access to the same information and did not consider the information unreliable. Moreover, the probation report stated that a third party witness observed Barnett intentionally spinning his car before the accident. The trial court noted this and impliedly found this fact exceeded the minimum necessary to establish the elements of the crime. (See *People v. Castorena* (1996) 51 Cal.App.4th 558, 562-563 [particularly egregious drunk driving can support aggravated term for gross vehicular manslaughter].) Thus, it is not reasonably probable the court would have chosen a lesser sentence absent the aggravating factors listed in the prosecutor's sentencing brief.

## DISPOSITION

The judgment is affirmed.

McINTYRE, J.

WE CONCUR:

McCONNELL, P. J.

HALLER, J.

7