**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

SOPHIA DAIRE,
*Petitioner-Appellant*,

v.

MARY LATTIMORE, Warden,
*Respondent-Appellee*.

No. 12-55667

D.C. No.
2:10-cv-03743-
DMG-AJW

OPINION

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted En Banc
January 12, 2016[*]—Pasadena, California

Filed February 9, 2016

Before: Sidney R. Thomas, Chief Judge, Stephen
Reinhardt, M. Margaret McKeown, Richard C. Tallman,
Johnnie B. Rawlinson, Jay S. Bybee, Consuelo M.
Callahan, Carlos T. Bea, N. Randy Smith, Mary H.
Murguia and Paul J. Watford, Circuit Judges.

Per Curiam Opinion

---

[*] The en banc court unanimously concludes this case is suitable for
decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Habeas Corpus

The en banc court held that given the holdings in *Glover v. United States*, 531 U.S. 198 (2001), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), the Supreme Court has clearly established that *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims for ineffective assistance of counsel in noncapital sentencing proceedings.

The en banc court overruled this court's decisions that are to the contrary, declined to reach any other issue presented by the parties, and returned control of the case to the three-judge panel.

### COUNSEL

Sara J. O'Connell, Covington & Burling LLP, San Diego, California, for Petitioner-Appellant.

Kamala D. Harris, Attorney General of California; Dane R. Gillette, Chief Assistant Attorney General; Lance E. Winters, Senior Assistant Attorney General; Kenneth C. Byrne, Supervising Deputy Attorney General; Xiomara Costello, Deputy Attorney General, Los Angeles, California, for Respondent-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

PER CURIAM:

We voted to rehear this case en banc to reconsider our circuit precedent holding that there was no "clearly established" federal law on the question of whether *Strickland v. Washington*, 466 U.S. 668, 694 (1984), governs claims for ineffective assistance of counsel in noncapital sentencing proceedings. *See Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1244 (9th Cir. 2005) and *Davis v. Grigas*, 443 F.3d 1155, 1158 (9th Cir. 2006).

In this case, a California jury convicted Daire of first-degree burglary. Daire claimed that, during sentencing, her attorney provided ineffective assistance of counsel under the standard articulated in *Strickland*, 466 U.S. at 687. On federal habeas review, applying our binding circuit precedent, the district court held that the application of the *Strickland* standard to noncapital sentencing proceedings was not "clearly established Federal law" for purposes of 28 U.S.C. § 2254(d)(1).

In *Glover v. United States*, 531 U.S. 198, 202–04 (2001), the United States Supreme Court applied *Strickland* to a noncapital sentencing proceeding. *Glover* presented the question whether "a showing of prejudice, in the context of a claim for ineffective assistance of counsel, requires a significant increase in a term of imprisonment." *Id.* at 204. The claim in *Glover* arose from noncapital sentencing proceedings governed by federal guidelines. *Id.* at 200. The Supreme Court reversed the Seventh Circuit for "supplant[ing] the *Strickland* analysis" in such a context. *Id.* at 203. In closing, *Glover* noted that "the ultimate merits of

[petitioner's] claim" would turn on *Strickland*'s elements: "the question of deficient performance" and "prejudice flow[ing] from the asserted error in sentencing." *Id*. at 204.

To the extent that there was any doubt that *Glover* "clearly established" that *Strickland* applied to noncapital sentencing proceedings, that doubt was erased in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012). In *Lafler*, the Supreme Court stated that *Glover*:

> establish[ed] that there exists a right to counsel during sentencing in . . . noncapital . . . cases. Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because "any amount of [additional] jail time has Sixth Amendment significance."

*Lafler*, 132 S. Ct. at 1385–86 (second alteration in original) (citations omitted) (quoting *Glover*, 531 U.S. at 203).

Given *Glover* and *Lafler*, the Supreme Court has clearly established that *Strickland* governs claims for ineffective assistance of counsel in noncapital sentencing proceedings.[1]

---

[1] Indeed, we implicitly recognized as much in a pair of decisions issued after the Supreme Court decided *Glover* in 2001 but before the California Supreme Court rejected Daire's ineffective assistance claim on the merits in 2011. *See Tilcock v. Budge*, 538 F.3d 1138, 1146 (9th Cir. 2008) (applying *Strickland* to a noncapital sentencing ineffective assistance claim and granting petitioner an evidentiary hearing); *see also Gonzalez v. Knowles*, 515 F.3d 1006, 1015 (9th Cir. 2008) (applying *Strickland* to a noncapital sentencing ineffective assistance claim where petitioner argued that his attorney failed to investigate potentially mitigating

*See also Premo v. Moore*, 562 U.S. 115, 126 (2011) ("Whether before, during, or after trial, when the Sixth Amendment applies, the formulation of the standard [for deficient performance, as an element of ineffective assistance of counsel] is the same: reasonable competence in representing the accused.") (quoting *Strickland*, 466 U.S. at 688). Therefore, we overrule our contrary decisions on which the district court relied—namely, *Cooper-Smith*, *Davis*, and all of our other decisions that are similarly to the contrary.

We voted to rehear this case en banc in order to reconsider our circuit precedent. We decline as an en banc court to reach any other issue presented by the parties. While the three-judge panel that heard the appeal was bound by *Cooper-Smith* and *Davis* and issued its opinion based on that assumption, it nonetheless applied *Strickland* in the alternative. In issuing our order granting rehearing en banc, we instructed that the three-judge panel opinion should not be cited as precedent by or to any court of the Ninth Circuit. *Daire v. Lattimore*, 803 F.3d 381 (9th Cir. 2015). With this correction in the law, we return control of the case to the three-judge panel. The panel, at its election, may reinstate its prior opinion or issue an amended opinion. The three-judge panel will also resolve the petition for panel rehearing on the merits. En banc proceedings with respect to this case are terminated.

**REMANDED.**

---

evidence of mental illness and did not call his family members to testify on his behalf).