**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAUL GARCIA CUEVAS, *Petitioner-Appellant,* | No. 12-55807 |
| v. | D.C. No. 2:10-cv-09775-VAP-MLG |
| JAMES D. HARTLEY, Warden, Avenal State Prison, *Respondent-Appellee.* | ORDER |

Filed August 4, 2016

Before: Alex Kozinski and Susan P. Graber, Circuit Judges, and Charles R. Breyer,[*] Senior District Judge.

Order;
Dissent by Judge Kozinski

---

[*] The Honorable Charles R. Breyer, Senior United States District Judge for the Northern District of California, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel filed a published order granting an "Application to File an Oversized Replacement Answering Brief."

The panel granted the Application because of the complexity of the case and its procedural history, including the fact that the original brief answered a short pro se filing.

Dissenting, Judge Kozinski wrote that he does not consent to the filing of a fat brief because the state's motion is wholly inadequate. He wrote that in what has become a common and lamentable practice, lawyers, instead of getting leave to file an oversized brief before the deadline, wait for the last minute to file chubby briefs and dare this court to bounce them.

### COUNSEL

Nathaniel H. Lipanovich, Stephen Rossi, and Michael G. Ermer, Irell & Manella LLP, Newport Beach, California, for Petitioner-Appellant.

Xiomara Costello, Deputy Attorney General; Kenneth C. Byrne, Supervising Deputy Attorney General; Lance E. Winters, Senior Assistant Attorney General; Gerald A. Engler, Chief Assistant Attorney General; Kamala D. Harris

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Attorney General; Office of the Attorney General, Los Angeles, California; for Respondent-Appellee.

## ORDER

Because of the complexity of this case and its procedural history, including the fact that the original brief answered a short pro se filing, the "Application to File an Oversized Replacement Answering Brief" is **GRANTED**. The brief tendered July 25, 2016, is ordered filed.

Circuit Judge Kozinski, dissenting:

I do not consent to the filing of a fat brief because the state's motion is wholly inadequate. The state had previously filed a compliant brief that covered many of the same points, but we ordered replacement briefs in light of *Daire* v. *Lattimore*, 812 F.3d 766 (9th Cir. 2016) (en banc). The discussion of *Daire* in the state's oversized brief takes up only 3 pages; the state's lawyer gives no coherent explanation for why she needed to add 14 pages. The state mentions the complexity of the facts it wishes us to consider, but those facts were contained in the earlier version of the state's brief. Its remaining explanations are equally unconvincing. To me, it seems perfectly clear that the state filed an overly long brief because it thought it could get away with it.

This has become a common and rather lamentable practice: Instead of getting leave to file an oversized brief before the deadline, lawyers wait for the last minute to file chubby briefs and dare us to bounce them. Of course, it's

hard to decide cases without a brief from one of the parties, and denying the motion usually knocks the briefing and argument schedule out of kilter. Denying the motion is thus more trouble than allowing the brief to be filed and putting up with the additional unnecessary pages. Sly lawyers take advantage of this institutional inertia to flout our page limits with impunity. This encourages disdain for our rules and penalizes lawyers, like petitioner's counsel, who make the effort to comply.

For my part, I don't feel bound to read beyond the 14,000 words allowed by our rules, so I won't read past page 66 of the state's brief. If counsel for the state wishes me to consider any argument in the remaining portion of her brief, she should feel free to file a substitute brief, no longer than 14,000 words, which I will read in lieu of her oversized brief, so long as it is filed no later than 7 days from the date of this order.