Circuit Judge KOZINSKI,
dissenting:
I do not consent to the filing of a fat brief because the state’s motion is wholly inadequate. The state had previously filed a compliant brief that covered many of the same points, but we ordered replacement briefs in light of Daire v. Lattimore, 812 F.3d 766 (9th Cir. 2016) (en banc). The discussion of Daire in the state’s oversized brief takes up only 3 pages; the state’s lawyer gives no coherent explanation for why she needed to add 14 pages. The state mentions the complexity of the facts it wishes us to consider, but those facts were contained in the earlier version of the state’s brief. Its remaining explanations are equally unconvincing. To me, it seems perfectly clear that the state filed an overly long brief because it thought it could get away with it.
This has become a common and rather lamentable practice: Instead of getting leave to file an oversized brief before the deadline, lawyers wait for the last minute to file chubby briefs and dare us to bounce them. Of course, it’s hard to decide cases without a brief from one of the parties, and denying the motion usually knocks the briefing and argument schedule out of kilter. Denying the motion is thus more trouble than allowing the brief to be filed and putting up with the additional unnecessary pages. Sly lawyers take advantage of this institutional inertia to flout our page limits with impunity. This encourages disdain for our rules and penalizes lawyers, like petitioner’s counsel, who make the effort to comply.
For my part, I don’t feel bound to read beyond the 14,000 words allowed by our rules, so I won’t read past page 66 of the state’s brief. If counsel for the state wishes me to consider any argument in the remaining portion of her brief, she should feel free to file a substitute brief, no longer than 14,000 words, which I will read in lieu of her oversized brief, so long as it is filed no later than 7 days from the date of this order.