**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAURICE LEWIS,

Petitioner-Appellant,

v.

P. L. VASQUEZ,

Respondent-Appellee.

No.   13-56844

D.C. No.
2:10-cv-04778-DOC-MRW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted September 2, 2016
Pasadena, California

Before:  SILVERMAN, IKUTA, and WATFORD, Circuit Judges.

**1.**  The district court did not err in concluding that Maurice Lewis' second

amended habeas petition was timely filed.  The 1993 psychological report, which

forms the factual predicate of Lewis' claim, was not included in his 1993 case file.

Lewis' appointed federal habeas counsel discovered the report only by following

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

up on a cryptic, one-page order that authorized two doctors and an investigator to visit Lewis. The district court correctly found that, given Lewis' status as a *pro se* incarcerated inmate and the mental challenges he faced, Lewis could not have "navigated the labyrinthine world of the state court records system" to find the 1993 report on his own. Thus, Lewis' failure to discover the report was not a failure to exercise reasonable diligence in the circumstances. *See Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012).

**2.** Lewis contends that his attorney rendered ineffective assistance at sentencing by failing to present either the 1993 report or nearly a dozen character letters in the attorney's possession. Whether an attorney provided ineffective assistance of counsel at a noncapital sentencing hearing is determined by applying the two-part test from *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Daire v. Lattimore*, 812 F.3d 766, 767 (9th Cir. 2016) (en banc) (per curiam). To prevail, Lewis must show both that his attorney's representation fell below an objective standard of reasonableness and that these unprofessional errors caused him prejudice. *See Harrington v. Richter*, 562 U.S. 86, 104 (2011). And to obtain relief under 28 U.S.C. § 2254(d), Lewis must show that the California Supreme Court's application of *Strickland* "was so lacking in justification that there was an

error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

Lewis has not shown that the California Supreme Court unreasonably applied *Strickland* in rejecting his ineffective assistance of counsel claim. We need not decide whether counsel's failure to present the report and the letters fell below the standard set by *Strickland*'s performance prong because the California Supreme Court could reasonably have concluded that the failure to present the report and the letters caused no prejudice to Lewis.

As to the denial of Lewis' *Romero* motion, the three-strikes law establishes a sentencing norm that can be overcome by a showing that the defendant should be treated as though he had not previously been convicted of a violent felony. *See People v. Carmony*, 92 P.3d 369, 376 (Cal. 2004). Lewis' *Romero* motion requested that the sentencing court strike his prior conviction on the grounds that it was more than ten years old and different in character from his current offense. Neither the 1993 report nor the letters from Lewis' friends and family members bolstered these arguments. While the report notes that Lewis has poor judgment, limited socialization, and difficulty understanding the wrongfulness of his actions, these characteristics could cut either way on the question whether Lewis should be punished as a recidivist. And while the letters refer to Lewis as a "hard working

man," a "pleasant person," and someone who is "respectable, responsible, and dependable," they do not provide compelling reasons to strike Lewis' prior conviction either. In fact, there is little evidence that many of Lewis' friends and family members knew of his prior conviction and its violent nature. The California Supreme Court could reasonably have concluded that the 1993 report and the character letters would not have had an impact on the sentencing court's decision to deny the *Romero* motion.

Similarly, Lewis cannot show that counsel's failure to present the 1993 report and the letters caused him prejudice with respect to the sentencing court's selection of the base term. When selecting the high term of four years, the sentencing court noted the following aggravating factors: (1) the prior conviction was a crime of violence; (2) Lewis was on probation for a domestic violence matter when this crime occurred; and (3) the underlying crime was a crime of great violence. The sentencing court also placed significant weight on testimony by the victim of the offense, who asked that the maximum sentence be imposed. We acknowledge that the sentencing court noted a lack of any mitigating circumstances and that the letters and report could be considered mitigating. However, neither the report nor the letters alter the fact that compelling aggravating circumstances were also present. On this record, the California

Supreme Court could reasonably have concluded that, given the strength of the aggravating factors and the emphasis the sentencing court placed on the victim's testimony, no reasonable probability exists that the presentation of the 1993 report and the letters would have caused the sentencing court to reduce Lewis' base term.

**AFFIRMED**.

*Lewis v. Vasquez*, No. 13-56844
IKUTA, Circuit Judge, concurring in the judgment:

I concur in the majority's disposition of Lewis's claim that his counsel's

failure to discover the 1993 psychological report constituted ineffective assistance

of counsel. The state court's rejection of this claim was neither contrary to nor an

unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), *see* 28

U.S.C. § 2254(d)(1), because counsel's performance did not fall below an

objective standard of reasonableness and there is no reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have

been different, *see Strickland*, 466 U.S. at 687–92. Therefore, the district court did

not err in denying Lewis's habeas petition on this claim.

I write separately because we lack jurisdiction over Lewis's second

claim—that his counsel's failure to submit eleven character letters constituted

ineffective assistance of counsel. "AEDPA's one-year statute of limitations in

§ 2244(d)(1) applies to each claim in a habeas application on an individual basis."

*Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012). Otherwise, "AEDPA's

statute of limitations never completely runs on any claim so long as there is a

possibility of a timely challenge for one claim." *Id*. (emphasis omitted); *see also*

*Mayle v. Felix*, 545 U.S. 644, 662 (2005) ("If claims asserted after the one-year

period could be revived simply because they relate to the same trial, conviction, or

sentence as a timely filed claim, AEDPA's limitation period would have slim significance."). Lewis's claim that counsel was ineffective for failing to submit character letters at sentencing has a different "thrust or gravamen" from the claim based on failure to discover the 1993 report. *See Gimenez v. Ochoa*, 821 F.3d 1136, 1141 (9th Cir. 2016) (analyzing the characterization of ineffective assistance of counsel "claims" under 28 U.S.C. § 2244). Because Lewis knew or should have known that his counsel failed to submit the character letters at sentencing, the one-year statute of limitations under § 2244(d)(1)(D) had long expired by the time he filed his second federal habeas petition in November 2012. Accordingly, this claim is barred under 28 U.S.C. § 2244(d)(1).[1]

---

[1]To the extent Lewis also asserts that his counsel rendered ineffective assistance by failing to argue that Lewis was mentally handicapped at sentencing, that claim was also discoverable at trial, and therefore is also barred under 28 U.S.C. § 2244(d)(1).