MEMORANDUM *
1. The district court did not err in concluding that Maurice Lewis’ second amended habeas petition was timely filed. The 1993 psychological report, which forms the factual predicate of Lewis’ claim, was not included in his 1993 case file. Lewis’ appointed federal habeas counsel discovered the report only by following up on a cryptic, one-page order that authorized two doctors and an investigator to visit Lewis. The district court correctly found that, given Lewis’ status as a pro se incarcerated inmate and the mental challenges he faced, Lewis could not have “navigated the labyrinthine world of the state court records system” to find the 1993 report on his own. Thus, Lewis’ failure to discover the report was not a failure to exercise reasonable diligence in the circumstances. See Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012).
2. Lewis contends that his attorney rendered ineffective assistance at sentencing by failing to present either the 1993 report or nearly a dozen character letters in the attorney’s possession. Whether an attorney provided ineffective assistance of counsel at a noncapital sentencing hearing is determined by applying the two-part test from Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Daire v. Lattimore, 812 F.3d 766, 767 (9th Cir. 2016) (en banc) (per curiam). To prevail, Lewis must show both that his attorney’s representation fell below an objective standard of reasonableness and that these unprofessional errors caused him prejudice. See Harrington v. Richter, 562 U.S. 86, 104, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011). And to obtain relief under 28 U.S.C. § 2254(d), Lewis must show that the California Supreme Court’s application of Strickland “was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.” Id. at 103, 131 S.Ct. 770.
Lewis has not shown that the California Supreme Court unreasonably applied Strickland in rejecting his ineffective assistance of counsel claim. We need not decide whether counsel’s failure to present the report and the letters fell below the standard set by Strickland’s performance prong because the California Supreme Court could reasonably have concluded that the failure to present the report and the letters caused no prejudice to Lewis.
As to the denial of Lewis’ Romero motion, the three-strikes law establishes a sentencing norm that can be overcome by a showing that the defendant should be treated as though he had not previously been convicted of a violent felony. See People v. Carmony, 33 Cal.4th 367, 14 Cal.Rptr.3d 880, 92 P.3d 369, 376 (2004). Lewis’ Romero motion requested that the sentencing court strike his prior conviction on the grounds that it was more than ten years old and different in character from his current offense. Neither the 1993 report nor the letters from Lewis’ friends and family members bolstered these arguments. While the report notes that Lewis has poor judgment, limited socialization, and difficulty understanding the wrongfulness of his actions, these characteristics could cut either way on the question *812 whether Lewis should be punished as a recidivist. And while the letters refer to Lewis as a “hard working man,” a “pleasant person,” and someone who is' “respectable, responsible, and dependable,” they do not provide compelling reasons to strike Lewis’ prior conviction either. In fact, there is little evidence that many of Lewis’ friends and family members knew of his prior conviction and its violent nature. The California Supreme Court could reasonably have concluded that the 1998 report and the character letters would not have had an impact on the sentencing court’s decision to deny the Romero motion.
Similarly, Lewis cannot show that counsel’s failure to present the 1993 report and the letters caused him prejudice with respect to the sentencing court’s selection of the base term. When selecting the high term of four years, the sentencing court noted the following aggravating factors: (1) the prior conviction was a crime of violence; (2) Lewis was on probation for a domestic violence matter when this crime occurred; and (3) the underlying crime was a crime of great violence. The sentencing court also placed significant weight on testimony by the victim of the offense, who asked that the maximum sentence be imr posed. We acknowledge that the sentencing court noted a lack of any mitigating circumstances and that the letters and report could be considered mitigating. However, neither the report nor the letters alter the fact that compelling aggravating circumstances were also present. On this record, the California Supreme Court could reasonably have concluded that, given the strength of the aggravating factors and the emphasis the sentencing court placed on the victim’s testimony, no reasonable probability exists that the presentation of the 1993 report and the letters would have caused the sentencing court to reduce Lewis’ base term.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.