**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAUL GARCIA CUEVAS, | No. 12-55807 |
| Petitioner-Appellant, | D.C. No. 2:10-cv-09775-VAP-MLG |
| v. | |
| JAMES D. HARTLEY, Warden, Avenal State Prison, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Argued and Submitted December 12, 2016
San Francisco, California

Before: KOZINSKI and GRABER, Circuit Judges, and BREYER,[**] District Judge.

Petitioner Saul Garcia Cuevas appeals the denial of his petition for a writ of

habeas corpus. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

**1.** After an extended crime spree, Cuevas faced up to two consecutive life sentences plus at least another 37 years in prison. He pleaded guilty to reduced charges, including 27 counts of robbery, that exposed him to a maximum sentence of 37 years and eight months. When all was said and done, the state court sentenced Cuevas to 35 years and eight months.

As it turns out, eight of the robbery counts were duplicative under state law. Cuevas argues that his lawyer was constitutionally ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), for not advising him of those counts at the plea stage or challenging them under California Penal Code section 654 at sentencing.[1] To prevail on a *Strickland* claim, Cuevas must show (1) that counsel's performance was deficient and (2) that the deficient performance resulted in prejudice. *See Strickland*, 466 U.S. at 687. We review whether the state court's rejection of his claim was unreasonable. 28 U.S.C. § 2254(d)(1).

**2.** Counsel's apparent failure to advise Cuevas about the duplicative counts at the plea stage was deficient because it "impinged on [Cuevas]'s ability to enter an

---

[1] "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other." Cal. Penal Code § 654(a).

intelligent, knowing and voluntary plea of guilty," *Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir. 2004).  But it was not prejudicial.  Had Cuevas gone to trial, he would have faced two consecutive life sentences plus at least another 37 years in prison.  We see no "reasonable probability that, but for counsel's error[]," he would have taken such a risk.  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  Accordingly, the state court reasonably rejected Cuevas's claim for ineffective assistance of counsel at the plea stage.

**3.**     On to sentencing.  As an initial matter, *Daire v. Lattimore*, 812 F.3d 766 (9th Cir. 2016) (en banc) (per curiam), held that *Glover v. United States*, 531 U.S. 198 (2001), clearly established that *Strickland* applies to non-capital sentencing proceedings, so we may reach the merits.  Just the same, Cuevas is out of luck.

Under California law, counsel could have reasonably concluded that challenging the duplicative counts at sentencing was at best a non-starter or, at worst, tantamount to "attacking the validity" of the plea, *People v. Cuevas*, 187 P.3d 30, 35 (Cal. 2008).  A defendant who agrees to a "specified prison term" and is "sentenced to that term or a shorter one" thereby "abandons any claim that a component of the sentence violates section 654's prohibition of double punishment, unless that claim is asserted at the time the agreement is recited on the record."  Cal. Rule of Court 4.412(b).  A "specified prison term" has been read to include an agreed-upon sentence set "at or below" a maximum term, lest defendants be able "to

3

unilaterally renege on the agreement that was negotiated in good faith with the prosecutor and accepted by the trial court." *People v. Jones*, 158 Cal. Rptr. 3d 786, 794-95 (Ct. App. 2013). Here, the record "clearly reflects" that Cuevas "agreed to a maximum possible sentence of 37 years eight months," *Cuevas*, 187 P.3d at 35.

What is more, challenging duplicative counts in a plea agreement after it has been accepted is "in substance a challenge to the plea's validity" under California law. *People v. Shelton*, 125 P.3d 290, 296 (Cal. 2006); *accord Cuevas*, 187 P.3d at 35; *People v. Panizzon*, 913 P.2d 1061, 1067 (Cal. 1996). It was reasonable not to raise a challenge that would have jeopardized the agreement. Accordingly, the state court reasonably rejected Cuevas's claim for ineffective assistance of counsel at sentencing.

4.      On direct appeal, the California Supreme Court left no doubt that – under California law – Cuevas "received what he negotiated and agreed to under the plea agreement, and he must abide by the terms of the agreement." *Cuevas*, 187 P.3d at 37. And on review of his state habeas petition, it saw nothing that warranted changing that state of affairs. In light of the above, we see nothing unreasonable about that decision. *See* 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 100 (2011) (according AEDPA deference to summary orders).

**AFFIRMED**.