NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 1 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADAM GORDY, | No. 17-70402 |
| Petitioner, | |
| v. | |
| DEBBIE ASUNCION, Warden, | ORDER* |
| Respondent. | |

Application to File Second or Successive
Motion Under 28 U.S.C. § 2254

Submitted February 9, 2018**
Pasadena, California

Before: GRABER and HURWITZ, Circuit Judges, and KORMAN,*** District
Judge.

Adam Gordy was convicted in California state court in 2008 of various

noncapital crimes. In 2011, he filed a federal habeas petition, challenging his

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Edward R. Korman, United States District Judge for the
Eastern District of New York, sitting by designation.

conviction principally on due process grounds. The 2011 petition was denied, and Gordy now moves for authorization to file a second or successive habeas petition under 28 U.S.C. § 2254. We deny his motion.

Under 28 U.S.C. § 2244(b)(2)(A), "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless . . . the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Gordy claims, in his proposed second habeas petition, that he received ineffective assistance of counsel at his sentencing proceedings in violation of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). He argues that this claim was "previously unavailable" because, when he filed his initial federal habeas petition in 2011, it was *not* clearly established in the Ninth Circuit that *Strickland* applied to noncapital sentencing proceedings. *See Davis v. Grigas*, 443 F.3d 1155, 1158–59 (9th Cir. 2006); *Cooper–Smith v. Palmateer*, 397 F.3d 1236, 1244 (9th Cir. 2005). Gordy claims that this changed on February 9, 2016, when the Ninth Circuit held in *Daire v. Lattimore*, 812 F.3d 766, 768 (9th Cir. 2016) (en banc) (per curiam), that the Supreme Court had clearly established that the *Strickland* standard applies in a noncapital sentencing proceeding. Gordy thus contends that his claim "relies on a

new rule of constitutional law . . . that was previously unavailable." § 2244(b)(2)(A).

This argument fails. As an initial matter, contrary circuit precedent does not render a constitutional rule unavailable. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) ("[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." (internal quotation marks omitted)). Moreover, the Supreme Court made clear on March 21, 2012, in *Lafler v. Cooper*, 566 U.S. 156, 165 (2012), that the *Strickland* standard applies to noncapital sentencing proceedings. *See Daire*, 812 F.3d at 767. Thus, even if we assume *Lafler* constituted a "new rule of constitutional law," Gordy had until March 21, 2013, to file a second habeas petition. *See* 28 U.S.C. § 2244(d)(1)(C). Because Gordy did not seek leave to file his second petition until February 2017, it clearly would be untimely, and authorizing its filing would be pointless.

**DENIED.**