Filed 12/15/20  P. v. Scott CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>LORNE LEROY SCOTT,<br><br>　　　　Defendant and Appellant. | C091809<br><br>(Super. Ct. No. F19-000359D) |

Appointed counsel for defendant Lorne Leroy Scott filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal from the trial court's judgment.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

BACKGROUND

In November 2018, defendant along with three other men entered a home, tied up two adults and a four-year-old child, and stole 75 pounds of cannabis.  Defendant and the

1

other men were arrested shortly thereafter; the People charged defendant with home invasion robbery (Pen. Code, §§ 211, 213, subd. (a)(1)(A)) and assault with a semiautomatic firearm (Pen. Code, §§ 245, subd. (b), 12022.5, subds. (a) & (d)). Relative to both counts, the People alleged defendant was armed with a firearm (Pen. Code, § 12022, subd. (a)(1)) and personally used a firearm (Pen. Code, § 12022.53, subd. (b)).

After the trial court denied his motion to suppress evidence, defendant pleaded guilty to home invasion robbery and admitted to personally using a firearm. In exchange for his plea, defendant and the People agreed defendant would serve an aggregate term of nine years in state prison: the middle term of six years for the offense plus three years for the firearm enhancement. The court sentenced defendant in accordance with the terms of his plea agreement and ordered him to pay various fines and fees.

Defendant appeals from the judgment without a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts of the case and asks us to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant filed a supplemental brief raising numerous contentions.

Defendant contends the trial court did not set reasonable bail following his arrest. Now that defendant has been convicted, this claim is moot. (See *People v. Lowery* (1983) 145 Cal.App.3d 902, 904 [claims of excessive bail rendered moot by conviction].)

Defendant claims he was "coerced" into accepting a lengthy prison sentence as part of his negotiated plea agreement and taken advantage of because he was unfamiliar with the legal system. He also claims trial counsel was ineffective during plea negotiations. He argues counsel should have asked the trial court to exercise its new-found discretion under Senate Bill No. 620 (2017-2018 Reg. Sess.) and strike the firearm enhancement. Each of these claims is a challenge to the validity of defendant's plea

2

agreement. A certificate of probable cause is required to challenge the validity of a plea agreement on appeal. (*People v. Cuevas* (2008) 44 Cal.4th 374, 379.) Defendant did not obtain a certificate of probable cause. Thus, we cannot consider these claims.

Finally, defendant claims the prosecutor engaged in misconduct. Specifically, defendant argues the victim/witness who testified at the preliminary hearing was paid to change her testimony and coached to testify against him. There is no evidence of this alleged misconduct in the record. Accordingly, the claim fails.

Having also undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


　　　　　　　　　　　 /s/
　　　　　　　　　　　HOCH, J.



We concur:



　/s/
MAURO, Acting P. J.



　/s/
DUARTE, J.



3