Filed 3/30/21  P. v. Cross CA2/7

## **NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DEVON CROSS,<br><br>    Defendant and Appellant. | B305303<br><br>(Los Angeles County<br>Super. Ct. No. BA466561) |

APPEAL from a Judgment of the Superior Court of Los Angeles County, Michael D. Abzug, Judge.  Affirmed.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

_____

Devon Cross, also known as Donta Trayvon Collins Cross, was charged in an information with two counts of home invasion robbery with a special allegation as to each count that a principal had been armed with a firearm. Shortly before the scheduled trial date, Cross pleaded no contest to the charges in an "open plea."[1] Before sentencing, Cross moved to withdraw his plea. The trial court denied the motion and sentenced Cross to an aggregate state prison term of 11 years.

No arguable issues have been identified following review of the record by Cross's appointed appellate counsel or our own independent review. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The Home Invasion Robbery*

Jun Soo Lee was at home on the evening of August 2, 2017. Almost immediately after his wife, Young Ae Lee (Young), returned home from the restaurant they owned with approximately $8,000 in cash, Lee heard her scream from another room.

When Lee tried to go to Young, he was held down from behind by an intruder. Lee felt a gun at the back of his head. Lee was then hit in the head several times; his pants were removed; and a knife was placed at his hips near his anus.

Young was brought into the room by a second intruder and placed on the floor next to Lee. Young had been hit in the face and believed she had been stabbed in her lower back. One of the intruders told Lee his wife would be killed unless they disclosed

---

[1] In an "open plea," "the defendant 'plead[s] unconditionally, admitting all charges and exposing himself to the maximum possible sentence if the court later chose to impose it.'" (*People v. Cuevas* (2008) 44 Cal.4th 374, 381, fn. 4.)

2

where they kept their money.  In addition to the individual who threatened him and his wife, Lee heard the voices of at least two or three other intruders during the robbery.

Following the threat, Lee was dragged between the living room and dining room by the back of his shirt while his assailant demanded to know where Lee and his wife kept the "hidden money."  Lee was eventually taken to the basement and told to stay there or he would be killed.  When Lee came out of the basement some time later, the perpetrators had fled the scene with the $8,000, as well as a computer, watch and money from his wife's pocket.  A criminalist later concluded a plastic bag left at the scene "was consistent with the DNA profiled obtained from Devon Cross."

Following his arrest, Cross denied any knowledge or involvement in the violent robbery, but admitted he had walked by the Lee's house, saw the door slightly ajar, went inside and took a video game console.

2. *Cross's Plea and Sentencing*

By information filed July 11, 2018 Cross was charged with two counts of home invasion robbery. (Pen. Code, §§ 211, 213, subd. (a)(1)(A).)  As to each count the information specially alleged a principal had been armed with a firearm. (Pen. Code, § 12022, subd. (a)(1).)

On May 28, 2019, just prior to the start of trial, Cross was considering an open plea to the charges.  The trial court cautioned Cross, "[I]f you walk out of here with a sentence that's higher than seven years after what I just told you, which is on the record, you are not going to be able to claim you were misled. You are not going to be able to withdraw your plea."  Following the court's warning, Cross entered an open plea of no contest to

3

the two robbery counts and the related firearm enhancement allegations.

On October 7, 2019 Cross orally moved to withdraw his plea. The court denied the motion because it did not "take oral motions." Cross filed a two-page written motion to withdraw his plea on November 4, 2019. During argument Cross told the court, "I am not guilty of this crime. I did not fully understand the charges and would like to withdraw my plea due to those facts, and also that I was coerced and under duress and misled by my public defender at some point in time." Cross's public defender responded that "there is no way, your honor, that I've ever coerced my client to do anything." The trial court denied the motion, but excused the public defender for an irreconcilable conflict of interest and appointed new counsel to represent Cross at sentencing.

On January 27, 2020 new appointed counsel moved to withdraw Cross's plea based on ineffective assistance of counsel. According to the motion, "Mr. Cross' previous counsel failed in her duty to advise him appropriately of the consequences of the open plea, i.e. that he was waiving his right to trial, confront the witnesses against him, to produce evidence, and remain silent. [¶] Mr. Cross advised previous counsel that he was innocent and wanted to take the case to trial. After repeatedly telling Mr. Cross he would be found guilty and sentenced to the maximum punishment, the attorney encouraged Mr. Cross to plead open to the court. In advising Mr. Cross to plead open, the attorney indicated that Mr. Cross would still take the case to trial and withdraw his plea at a later date if he decided he did not want to be sentenced." In a declaration supporting his motion, Cross

4

asserted he was not receiving his antipsychotic medication and got "easily confused and disoriented."

The trial court denied the motion. In its written order the court stated, "The transcript of what happened on May 28th reveals that the defendant gave unequivocal answers to unequivocal admonitions, warnings, and advisements. It further shows that the defendant was repeatedly given the right to consult with his attorney throughout the plea. There was not a hint of duress, confusion, or coercion during the entire plea. [¶] Based upon the record now before the Court, the Court finds that the defendant's decision to enter an open plea as the jury was about to begin was not a true expression of contrition . . . but rather a tactical attempt to disrupt the orderly process of justice. . . . [¶] The defendant's claim that he was not receiving his antipsychotic medication at the time of the plea is equally unavailing. . . . First, despite the passage of almost nine months, it is uncorroborated and therefore unconvincing. In any event, the defendant does not claim that he was prejudiced by the alleged absence of medication; that is, he does not assert that his ability to meaningfully and voluntarily participate in the proceedings was impaired."

On February 24, 2020 Cross was sentenced to an aggregate state prison term of 11 years—the upper term of nine years on one count of home invasion robbery and a consecutive two-year term (one-third the middle term of six years) on the second count. The court stayed the firearm enhancements pursuant to Penal Code section 1385.

Cross filed a timely notice of appeal. The trial court granted his request for a certificate of probable cause to allow him to challenge the denial of his motions to withdraw his plea.

**DISCUSSION**

We appointed counsel to represent Cross on appeal. After reviewing the record, counsel filed a brief raising no issues. Appointed counsel advised Cross on June 15, 2020 that he may personally submit any contentions or issue he wishes the court to consider. We have received no response.

We have examined the record and are satisfied appellate counsel for Cross has complied with counsel's responsibilities and there are no arguable issues. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

**DISPOSITION**

The judgment is affirmed.

PERLUSS, P. J.

We concur:


SEGAL, J.



FEUER, J.

6