Filed 11/18/22  P. v. Rocha CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>    v.<br><br>JOSHUA MICHAEL ROCHA,<br><br>       Defendant and Appellant. | C096172<br><br>(Super. Ct. No. 21F6772) |

Defendant Joshua Michael Rocha entered into a plea agreement in which he pleaded no contest to felony false imprisonment and misdemeanor resisting a peace officer and admitted a prior strike conviction in exchange for probation including a residential treatment program, and a six-year "lid" if he did not complete the treatment program.  After defendant failed to complete the treatment program, the trial court

1

imposed an upper term of three years for the false imprisonment conviction, doubled to six years for the strike.

Defendant now contends he is entitled to the application of Senate Bill No. 567 (2021-2022 Reg. Sess.) because the lid in the plea agreement did not prevent the trial court from exercising its discretion to impose a lower term. We agree. We will reverse the sentence and remand for a full resentencing.

The parties assert that if the trial court imposes less than a six-year term on remand, the People will be entitled to withdraw from the plea agreement consistent with *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*). We disagree with the parties on this issue. Because the plea agreement involved a lid and not a stipulated term, the application of Senate Bill No. 567 on remand, without more, would not entitle the People to withdraw from the plea agreement.

## BACKGROUND

Defendant pleaded no contest to one count of felony false imprisonment (Pen. Code, § 236)[1] and two counts of resisting, delaying, and obstructing a peace officer (§ 148, subd. (a)(1)). He also admitted a prior strike conviction. The plea agreement indicated a six-year lid if defendant failed to complete probation and a residential treatment program. Defendant agreed to the terms of the plea agreement with a *Cruz*[2] waiver.

Within two months, defense counsel notified the trial court that defendant was no longer in the treatment program. Defendant subsequently appeared before the trial court and admitted he did not complete the treatment program.

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Cruz* (1988) 44 Cal.3d 1247, 1254, fn. 5.

Defendant argued a middle term sentence was appropriate because the People failed to prove any aggravating factors. The People countered that the agreement was for a six-year lid and a six-year term was proper. The trial court reviewed the transcript from the prior proceeding and concluded the parties had agreed to a six-year term. Accordingly, it imposed an upper term of three years on the false imprisonment count (§ 236), doubled to six years for the prior strike conviction. The trial court did not discuss factors in mitigation or aggravation.

## DISCUSSION

## I

Defendant contends that because the plea agreement indicated a lid and not a stipulated term, the trial court was not prevented from exercising its sentencing discretion, and he is entitled to retroactive application of Senate Bill No. 567. In opposition, the People claim the parties agreed to a stipulated term.

Senate Bill No. 567, effective January 1, 2022, changed the requirements for using aggravating circumstances and altered sentencing discretion under section 1170. (Stats. 2021, ch. 731.) Among other things, Senate Bill No. 567 amended section 1170 to prohibit upper-term sentencing unless factors in aggravation are stipulated to by the defendant, proven to a fact finder beyond a reasonable doubt, or established by a certified record of conviction. (§ 1170, subd. (b)(2), (3).) The parties agree, as do we, that amended section 1170, subdivision (b) applies retroactively to defendant. (*People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1109.)

A lid in a plea agreement places a maximum limit on the sentence a trial court may impose. (*People v. Cuevas* (2008) 44 Cal.4th 374, 376.) If the trial court accepts the agreement, it may exercise its sentencing discretion up to and including the lid. (*People v. Buttram* (2003) 30 Cal.4th 773, 789.) Whereas with a stipulated term, a trial court has no discretion to deviate from the term if it accepts the plea agreement. (*People v. Brooks* (2020) 58 Cal.App.5th 1099, 1109.)

3

Here, the trial court accepted a plea agreement indicating a six-year lid. At sentencing, the parties each reiterated that the agreement involved a lid, and argued their respective positions for the exercise of the trial court's sentencing discretion within that lid. Although the trial court concluded the agreement involved a stipulated term and the trial court did not discuss aggravating or mitigating factors, the record confirms that the agreement was for a lid and that the trial court had sentencing discretion up to and including the lid.

Because the trial court had discretion at sentencing, defendant is entitled to the application of amended section 1170. We will reverse and remand for resentencing.

II

The parties agree that if, on remand, the trial court sentences defendant to a term of less than six years, the People will be entitled to withdraw from the plea agreement. We disagree.

In *Stamps*, the California Supreme Court considered whether the defendant was entitled to application of a retroactive sentencing law following a plea agreement to a stipulated term. (*Stamps, supra*, 9 Cal.5th at p. 692.) In deciding defendant should receive the ameliorative benefit of changes in the law, the Court acknowledged it was possible that the trial court would exercise its discretion to impose a sentence less than the stipulated term. (*Id.* at p. 707.) But because the trial court had no authority to unilaterally modify the stipulated term, the Court held the People should be entitled to withdraw from the plea agreement. (*Ibid.*)

Such circumstances are not present here. Because the parties agreed to a lid and not a stipulated term, the trial court would not be unilaterally modifying the plea agreement in exercising its discretion on remand to impose a sentence within the agreed maximum. The application of Senate Bill No. 567 on remand, without more, would not entitle the People to withdraw from the plea agreement.

## DISPOSITION

The sentence is reversed and the judgment is otherwise affirmed.  The matter is remanded to the trial court for a full resentencing.  (*People v. Buycks* (2018) 5 Cal.5th 857.)


          /S/
MAURO, Acting P. J.


We concur:


      /S/
RENNER, J.


       /S/
KRAUSE, J.

5