Filed 3/22/23  P. v. McCraken CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GARY LOYD McCRAKEN,<br><br>Defendant and Appellant. | B317688<br><br>(Los Angeles County<br>Super. Ct. No. MA075645) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Charles A. Chung, Judge, and Lisa Strassner, Temporary Judge (pursuant to Cal. Const., art. VI, § 21). Affirmed.

Robert L. Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On May 1, 2019, the District Attorney of Los Angeles County filed an information charging defendant Gary Loyd McCraken with assault with a firearm (Pen. Code, § 245, subd. (a)(2)[1]) (count 1); two counts of assault with a deadly weapon (§ 245, subd. (a)(1)) (counts 2 and 3); dissuading a witness from testifying (§ 136.1, subd. (a)(1)) (count 4); and spousal battery (§ 243, subd. (e)(1)) (count 5). The information alleged defendant personally used a firearm in committing count 1 (§ 12022.5, subd. (a)) and a deadly and dangerous weapon in committing counts 2 and 3 (§ 12022, subd. (b)(1)).

On June 27, 2019, the trial court granted the prosecution's motion to amend the information by interlineation to add count 6—assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)). Defendant then entered a conditional nolo contendere plea to count 6 pursuant to which his conviction would be reduced to a misdemeanor for time served if he completed the following conditions: stay away from the victim (a previously entered criminal protective order was to remain in full force and effect), pay restitution to the victim, enroll in and complete 52 weeks of domestic violence counseling, and not have any new contacts with law enforcement or new cases filed.[2] If defendant failed to complete those conditions, his plea would be

---

[1]     All further statutory references are to the Penal Code unless otherwise noted.

[2]     Because defendant pleaded nolo contendere, we omit a recitation of the facts underlying the charged offenses.

an open plea.[3]  The court ordered defendant to return to court on September 17, 2019, with proof of enrollment and progress in domestic violence counseling.  Sentencing was set for June 24, 2020.

Defendant failed to appear for the September 17, 2019, hearing.  The trial court issued a no bail bench warrant for defendant.

At a hearing on September 8, 2021, the trial court (the Hon. Lisa Strassner) stated that defendant, who was in custody, had violated his conditional plea agreement.  He failed to appear for almost two years after his plea and had "pled to a case" in a different state two months after his plea thereby violating his plea.  It further stated that the court (the Hon. Charles A. Chung) had advised defendant that he faced a maximum sentence if he violated the terms of his conditional plea.

Defense counsel responded that the nature of the conditional plea had not been explained to defendant and defendant believed he was pleading to a misdemeanor and would be placed on probation.  Further, defendant did not realize state prison was a possible consequence of violating the plea. Accordingly, defendant requested to withdraw his plea.  Among other things, defendant stated that he had been advised that he had "an exclusive right to withdraw [the] plea" any time before sentencing.  The trial court denied the request.

---

[3]    "An open plea is one under which the defendant is not offered any promises.  [Citation.]  In other words, the defendant 'plead[s] unconditionally, admitting all charges and exposing himself to the maximum possible sentence if the court later chose to impose it.' [Citation.]" (*People v. Cuevas* (2008) 44 Cal.4th 374, 381, fn. 4.)

Based on its colloquy with defendant, the trial court stated its belief that defense counsel would be filing a motion to withdraw defendant's plea. Defense counsel affirmed the court's belief, and the court set the matter for hearing.

On September 28, 2021, defendant filed a written motion to withdraw his plea on the ground that the plea was not knowing, intelligent, or voluntary. Defendant alleged his plea counsel did not explain the charges to him, the consequences of the plea, or the consequences of violating the plea agreement.

The trial court held a hearing on defendant's motion to withdraw his plea at which defendant and plea counsel testified. The court read the reporter's transcript of defendant's plea hearing into the record. The court denied defendant's motion.

The trial court then sentenced defendant to three years in state prison, awarding him 477 days of custody credit. Pursuant to the plea agreement, the court dismissed the remaining counts.

We appointed counsel to represent defendant on appeal. On October 27, 2022, counsel filed an opening brief in which counsel did not identify any arguable issues and requested that we follow the procedure set forth in *People v. Wende* (1979) 25 Cal.3d 436, 441.

On November 14, 2022, we notified defendant that appointed appellate counsel had failed to find any arguable issues and he had 30 days within which to independently brief any grounds for appeal, contentions, or arguments he wanted us to consider. On December 12, 2022, defendant filed a supplemental brief that does not contain any coherent, legally cognizable contentions or arguments.

On January 19, 2023, we granted defendant's request to file a second supplemental brief. That supplemental brief also does

4

not contain any coherent, legally cognizable contentions or arguments.  We have reviewed the record and are satisfied that defendant's appointed counsel has fully complied with his responsibilities in the instant appeal and no arguable issues exist.  (*People v. Wende, supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM, J.


We concur:



RUBIN, P. J.



MOOR, J.


5