Filed 10/13/23  P. v. Mitchell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JAMES CHESTER MITCHELL,<br><br>        Defendant and Appellant. | C097390<br><br>(Super. Ct. No. CRF21-00854) |

Defendant James Chester Mitchell pleaded no contest to assault with a deadly weapon.  After failing to complete a residential treatment program, the trial court imposed the upper-term sentence stipulated to as part of defendant's plea agreement. Defendant now contends that the matter must be remanded for a new sentencing hearing because the changes to Penal Code section 1170 made by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill No. 567) limit the court's ability to impose an upper term

1

sentence even when defendant agreed to it as part of a stipulated sentence. We affirm the judgment.

## FACTS AND HISTORY OF THE PROCEEDINGS

On April 3, 2021, defendant had an altercation with his mother's roommate during which the roommate got hit in the head with a baseball bat. Defendant was charged with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)) (statutory section citations that follow are found in the Penal Code unless otherwise set forth) and failure to appear (§ 1320.5). As to both offenses, it was alleged that defendant suffered a prior strike conviction. (§§ 667, 1170.12.) As to the assault with a deadly weapon, it was further alleged that defendant had a prior serious felony conviction. (§ 667, subd. (a).) And as to the failure to appear, an enhancement was further alleged for committing a new felony offense while on bail (§ 12022.1).

On October 8, 2021, defendant pleaded no contest to assault with a deadly weapon and admitted one serious prior felony conviction. The plea agreement granted defendant an opportunity to complete a one-year residential treatment program. If unsuccessful, defendant agreed to be sentenced to the upper term of four years, which would be doubled to eight years based on the prior strike. Under the agreement, the sentencing court would retain discretion to impose an additional five years for the prior serious felony.

Defendant failed to report to the residential program as ordered. After being given an additional opportunity to enter the program, he left after only one day. The trial court issued a warrant for his arrest. In exchange for the People dismissing charges in a different case, defendant agreed to the trial court imposing the previously stipulated upper-term sentence and additionally stipulated to the five-year term for the prior serious felony. The trial court sentenced defendant accordingly.

2

I

*Certificate of Probable Cause*

The People first argue that this appeal must be dismissed because defendant did not obtain a certificate of probable cause from the trial court.

"Penal Code section 1237.5 provides that a defendant may not appeal 'from a judgment of conviction upon a plea of guilty or nolo contendere' unless the defendant has applied to the trial court for, and the trial court has executed and filed, 'a certificate of probable cause for such appeal.' [Citation.]" (*People v. Shelton* (2006) 37 Cal.4th 759, 766.) "Exempt from this certificate requirement are postplea claims, including sentencing issues, that do not challenge the validity of the plea." (*People v. Cuevas* (2008) 44 Cal.4th 374, 379, citing Cal. Rules of Court, rule 8.304(b)(4)(B).)

In certain contexts, " 'a challenge to a negotiated sentence imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself.' " (*People v. Stamps* (2020) 9 Cal.5th 685, 694-695.) But in *Stamps*, our Supreme Court held that a certificate of probable cause was not required for a defendant to seek relief based on a change in law that benefited a defendant. (*Id*. at pp. 695-696.) The court explained: "[Defendant] is seeking retroactive application of a subsequently enacted ameliorative provision, which he contends has been incorporated into his plea agreement. We agree defendant was not required to obtain a certificate. His appellate claim does not constitute an attack on the validity of his plea because the claim does not challenge his plea as defective when made." (*Id*. at p. 696.)

The same result is applicable here. Defendant does not argue that his plea agreement was defective when made in October 2021. Rather, he seeks relief because of

3

a change in law that took effect on January 1, 2022. Accordingly, no certificate of probable cause was required.[1]

## II

### *Upper Term Sentencing*

Turning to the merits, defendant's sole contention is that the trial court erred in sentencing him to the upper term because of the changes introduced by Senate Bill No. 567. Senate Bill No. 567, effective January 1, 2022, amended section 1170 to limit the trial court's ability to impose an upper term determinate sentence by making the middle term the presumptive prison term unless specified circumstances exist. (§ 1170, subd. (b)(1)-(2); Stats. 2021, ch. 731, § 1.3.) A trial court "may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2); Stats. 2021, ch. 731, § 1.3.)

Notwithstanding the fact that defendant agreed to the upper term as part of his negotiated plea agreement, defendant argues that the trial court was required to rely on aggravating circumstances properly found pursuant to the amended section 1170. The People submit, however, that amended section 1170 does not apply where a trial court imposes a stipulated sentence.

---

[1] The People argue that because defendant re-stipulated to the sentence after Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3) went into effect, *Stamps* does not apply. But *Stamps* says a certificate is not required when the claim "does not challenge [the] plea as defective when made." (*People v. Stamps, supra,* 9 Cal.5th at p. 696.) Because defendant first agreed to his plea prior to Senate Bill No. 567 going into effect, the most faithful application of *Stamps* is to find that a certificate of probable cause is not required.

Our Supreme Court is now poised to resolve this question, having granted review in *People v. Mitchell* (2022) 83 Cal.App.5th 1051, review granted December 14, 2022, S277314 (*Mitchell*). In the meantime, we agree with the People for the reasons set forth in *Mitchell*. "[A] stipulated plea agreement 'gave the court no room to exercise discretion in the selection of a low, middle, or high term' under former section 1170, subdivision (b)." (*Id.* at p. 1058, quoting *People v. Brooks* (2020) 58 Cal.App.5th 1099, 1109.) " 'When a court accepts a plea bargain, the court must impose a sentence within the limits of that bargain. [Citations.] Thus, a court may not modify the terms of a plea agreement while otherwise leaving the agreement intact, "nor may the court effectively withdraw its approval by later modifying the terms of the agreement it had approved." ' " (*Mitchell,* at pp. 1057-1058, review granted, quoting *Brooks*, at pp. 1106-1107.) When the trial court sentenced defendant to the upper term pursuant to the stipulated plea agreement, "[t]he court had no opportunity to exercise any discretion in deciding whether the imposition of the upper, middle, or lower term would best serve 'the interests of justice' under former section 1170, subdivision (b)." (*Mitchell,* at p. 1058, review granted.)

"[A]mended section 1170, subdivision (b)(1) states that where an offense provides for a sentencing triad, the trial court 'shall, in its sound discretion, order imposition of a sentence not to exceed the middle term except as otherwise provided in paragraph (2).' " (*Mitchell, supra*, 83 Cal.App.5th at p. 1058, review granted.) "This language indicates that the statute was not intended to apply to sentences imposed pursuant to a stipulated plea agreement, as the trial court lack[ed] discretion to select the sentence in the first place." (*Ibid.*, review granted.) There was thus "no occasion for the trial court to find any aggravating facts in order to justify the imposition of an upper term at sentencing." (*Id.* at p. 1059, review granted; see also *People v. Sallee* (2023) 88 Cal.App.5th 330, 338, review granted Apr. 26, 2023, S278690 [when "the court imposed a stipulated sentence pursuant to a negotiated plea agreement . . . the court's discretion was limited to

5

approving or rejecting the bargain . . . [and] [t]he court did not exercise discretion to select between the lower, middle, or upper term based on any aggravating or mitigating circumstances"].)

Accordingly, we reject defendant's claim that the recent amendments to section 1170 apply to his stipulated sentence.

DISPOSITION

The judgment is affirmed.

_____

HULL, J.

We concur:

_____

EARL, P. J.

_____

ROBIE, J.