Filed 2/15/24  P. v. Lopez CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>LUIS ARMANDO LOPEZ,<br><br>  Defendant and Appellant. | H050617<br>(Monterey County<br> Super. Ct. No. 19CR010117) |

After defendant Luis Armando Lopez admitted to violating several terms of his formal probation for second degree commercial burglary (Pen. Code, § 459),[1] the trial court sentenced him to the middle term of two years in county jail.  On appeal, Lopez argues his sentence must be vacated because the trial court misapplied section 1170, subdivision (b)(6), which requires the court to impose the lower term of imprisonment when a defendant's youth "was a contributing factor in the commission of the offense" unless "the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice."  (§ 1170, subd. (b)(6)(B).)

We conclude on this record that the trial court properly applied section 1170, subdivision (b)(6).  Accordingly, we affirm the judgment.

---

[1] All statutory references are to the Penal Code, unless otherwise stated.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In January 2019, officers responded to a report of a burglary at the Apple store in the Del Monte Shopping Center.[2] According to staff, four hooded males entered the store, immediately grabbed electronics, and then left. Two individuals who attempted to stop the suspects were both knocked to the ground and injured. The suspects eventually fled in a vehicle registered to someone who was moving out of California and had dropped the vehicle off at a transportation company. Among the stolen items were 22 iPhones and 10 laptops with a total value of $42,000.

After further investigation, the suspects were identified in May 2019 as Lopez, Dante Williams, and Jerome Johnson. At that time, Lopez was in custody on unrelated charges. He denied any involvement in the incident at first but later admitted to the burglary.

The Monterey County District Attorney filed a felony complaint charging Lopez with one count of second degree commercial burglary in violation of Penal Code section 459. Lopez initially pleaded not guilty, but later entered an "open plea"[3] of no contest to the burglary count in April 2021.

In November 2021, the trial court suspended imposition of sentence and placed Lopez on formal probation for two years with specified terms. One term required Lopez to serve 300 days in county jail. Other terms required Lopez to obey all laws, prohibited him from associating "with any individuals who are on any form of probation, mandatory supervision, post release community supervision or parole supervision" including

---

[2] Since there was no preliminary hearing or trial in this case, we recount the facts of Lopez's offenses from the probation officers' reports.

[3] "An open plea is one under which the defendant is not offered any promises. [Citation.] In other words, the defendant 'plead[s] unconditionally, admitting all charges and exposing himself to the maximum possible sentence if the court later chose to impose it.' " (*People v. Cuevas* (2008) 44 Cal.4th 374, 381, fn. 4.)

Williams and Johnson, and prohibited him from possessing, receiving, or transporting "any firearm, ammunition or any deadly weapon."

Two months later, a probation officer filed a petition notifying the court that Lopez violated the probation terms requiring him to report to the probation office as directed, provide updated contact information, enroll in a theft offender program, and to surrender to the county jail. Lopez appeared for arraignment on the petition in February 2022. The trial court dismissed the petition at the probation officer's request.

In March 2022, a probation officer filed a second petition notifying the court of additional probation violations. In that petition, the probation officer alleged that Lopez had not complied with the term requiring him to obey all laws because he was arrested for violations of sections 29800, subdivision (a)(1)[4] and 148, subdivision (a)(1). The probation officer also alleged that Lopez was arrested with Williams and another individual in violation of the term that he not associate with other probationers.

The second petition arose from an incident that occurred in February 2022 in Hayward. Police officers patrolling Southland Mall were alerted to a group of three individuals who fled from the officers but were eventually apprehended. They were identified as Lopez, Williams, and Alejandro McDonald, all of whom were on probation. The officers observed Lopez discard a firearm while he was running through the mall parking lot. The firearm was loaded with one bullet in the chamber and 20 bullets in an extended magazine.

In November 2022, Lopez admitted to the probation violations. At the commencement of the sentencing hearing on December 1, 2022, the trial court indicated it was considering terminating probation and imposing the middle term of two years in county jail. The court stated it had reviewed "the factors in aggravation," which it described as Lopez's "history of increasingly . . . serious cases" and "the taking was of a

---

[4] Section 29800 prohibits convicted felons from owning, purchasing, or possessing firearms. (§ 29800, subd. (a)(1).)

substantial amount," and found "there were no factors in mitigation." In response to the court's initial statements, defense counsel noted that Lopez was "just over 18 when the original offense occurred" and argued that Lopez's youth was a mitigating factor under section 1170, subdivision (b)(6)(B). Defense counsel asserted that "with adolescent brain development and the forming of . . . the frontal cortex, that youth are prone to . . . taking risks and acting in different ways than normal people or older people, who are fully developed . . . and stealing in this manner looked like something that youths do." Defense counsel also pointed out that Lopez's family was supportive and was "trying to transfer a business to him so once he gets out he has something to do other than revert to some of these youthful behaviors." Based on these factors, defense counsel requested that the court "make a finding that it would be contrary to the interest of justice not to give the lower term."

The prosecutor agreed with the trial court's intention to impose the middle term. The prosecutor recognized Lopez's age on the date of the burglary, but argued "the crime . . . was more than just [] going into Kohl's and shoplifting." The prosecutor continued: "He, with others, entered the Apple store. They stole over 22 iPhones and several laptops worth over $40,000. To get away they ran and they knocked two individuals down on to concrete." The prosecutor also stated that Lopez had two prior felony convictions listed in the probation report, had "picked up a new crime," and had "done nothing when he was given the gift of probation."

At the conclusion of the hearing, the trial court adopted its intended sentence, terminated probation, and imposed the middle term of two years in county jail. The court explained its decision as follows: "I understand you're youthful and the comments . . . your attorney has made are well taken that youthful people are prone to act rashly. [¶] This goes beyond that. This was a sophisticated taking of a significant amount of property. You have prior felony convictions. You were offered probation and have

4

violated that probation in a fairly significant way and so I'm going to respectfully deny the request to give you the low term."

Lopez filed a timely notice of appeal from the judgment.

## II. STANDARD OF REVIEW

"We review a trial court's sentencing decisions for an abuse of discretion, evaluating whether the court exercised its discretion 'in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an "individualized consideration of the offense, the offender, and the public interest." '" (*People v. Panozo* (2021) 59 Cal.App.5th 825, 837.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).)

"To prove an abuse of discretion," ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' " (*People v. Lee* (2017) 16 Cal.App.5th 861, 866 (*Lee*); accord *People v. Fredrickson* (2023) 90 Cal.App.5th 984, 988.) "If the record is silent . . . the defendant has failed to sustain his burden of proving error, and we affirm." (*Lee, supra*, 16 Cal.App.5th at p. 867.)

## III. DISCUSSION

Lopez argues that the trial court abused its discretion when it implicitly found that the lower term was contrary to the interests of justice and imposed the middle term sentence. Specifically, Lopez contends that imposition of the lower term was the appropriate sentence under section 1170, subdivision (b)(6)(B) given his youth and the presence of mitigating factors that outweighed the aggravating factors identified by the trial court. We disagree.

5

### A. Governing Legal Principles

"Effective January 1, 2022, our determinate sentencing law, section 1170, was amended in several fundamental ways." (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1038.) As relevant here, subdivision (b) of section 1170 was amended to make "the middle term the presumptive sentence for a term of imprisonment unless certain circumstances exist." (*Ibid.*, fn. omitted.) One of those circumstances is a defendant's youth, such that the Legislature "created a presumption in favor of a low prison term when a defendant is under 26 years of age at the time of the offense." (*Ibid.*; see also § 1016.7, subd. (b) [defining a " 'youth' " as "any person under 26 years of age on the date the offense was committed"].) Thus, section 1170, subdivision (b)(6) now provides that "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (B) The person is a youth or was a youth . . . at the time of the commission of the offense." (§ 1170, subd. (b)(6)(B).)

### B. The Trial Court Properly Applied Section 1170, Subdivision (b)(6)

As part of its preliminary comments at the sentencing hearing, the trial court stated that "[a] review of the factors in aggravation versus the factors in mitigation indicate that the appropriate term is the middle term of two years." The court identified the aggravating factors—the increasing seriousness of Lopez's crimes and the value of the stolen items—and added that "there were no factors in mitigation." After defense counsel remarked that Lopez was "just over 18" at the time of the burglary and raised Lopez's youth as a potential mitigating factor under section 1170, subdivision (b)(6)(B), the trial court acknowledged that "youthful people are prone to act rashly," but found that Lopez's circumstances "go[] beyond that." The court reiterated its prior comments that Lopez's felony convictions and the theft of "a significant amount of property" were aggravating factors, added that the burglary involved "a sophisticated taking," and noted

6

that Lopez violated the terms of probation "in a fairly significant way." The court then declined Lopez's request for the lower term and imposed the middle term sentence.

Lopez does not argue, nor could he reasonably argue, that the trial court was unaware of the extent of its discretion under section 1170, subdivision (b)(6). (See *In re White* (2020) 9 Cal.5th 455, 470 [abuse of discretion occurs at sentencing if the trial court is unaware of its discretion]; see also *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 [remand for resentencing required where retroactive change in law modifies scope of trial court's discretion].) Indeed, the amended version of the statute was in effect at the time of Lopez's sentencing hearing in November 2022, and the record clearly establishes that once the issue was raised by defense counsel, the court recognized the potential impact of Lopez's youth on its sentencing decision.

Instead, Lopez contends the trial court's weighing process was flawed because the aggravating factors it identified did not demonstrate that the lower term was contrary to the interests of justice. Citing several passages from *Roper v. Simmons* (2005) 543 U.S. 551 (*Roper*) describing the psychological and physiological differences between juveniles and mature adults in the context of criminal culpability,[5] Lopez asserts that the trial court's description of the burglary as a "sophisticated taking" was inaccurate because both the burglary and the subsequent probation violations exemplify the type of "rash, risky and impulsive behavior" to which youth are prone. In addition, Lopez contends the trial court failed to take into account two additional mitigating factors: his familial

---

[5] In *Roper*, the United States Supreme Court described "[t]hree general differences between juveniles under 18 and adults" which "demonstrate that juvenile offenders cannot with reliability be classified among the worst offenders." (*Roper, supra*, 543 U.S. at p. 569.) These differences are a " 'lack of maturity and an underdeveloped sense of responsibility' " resulting in " 'impetuous and ill-considered actions and decisions,' " an increased vulnerability or susceptibility to "negative influences and outside pressures, including peer pressure," and a personality that is "transitory, less fixed." (*Id*. at pp. 569-570.)

support and the punishment he had received for the offenses he committed while on probation.

While we recognize the distinction between juvenile and adult offenders discussed in *Roper*, we cannot say that the trial court's decision to impose the middle term was "so irrational or arbitrary that no reasonable person could agree with it." (*Carmony, supra*, 33 Cal.4th at p. 377.) Here, the record shows that Lopez participated in a commercial burglary during which electronics valued at $42,000 were stolen and two individuals were knocked to the ground and injured. Lopez and his accomplices wore hoods during the crime, suggesting that the group knew their conduct was wrong and that their identities needed to be hidden. They fled the scene in a vehicle, suggesting advance planning. While on probation for the burglary, Lopez was observed discarding a loaded firearm while attempting to flee from officers and was found with two individuals with whom he was prohibited from associating. Moreover, the probation report related that Lopez had an "extensive amount of felony firearms related law violations" starting in 2018. These facts provide support for the court's description of the burglary as "sophisticated" and for its comment that Lopez violated probation in a "fairly significant way." Furthermore, these facts support the court's conclusion that Lopez's crimes had increased in seriousness and went "beyond" the rash, risky, and impulsive behavior that could be attributed to Lopez's youth. Because the trial court's inferences from the facts were reasonable, we cannot disturb them. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318-319 [the appellate court cannot reverse decision for abuse of discretion when " ' "two or more inferences can reasonably be deduced from the facts" ' "].)

Turning to the other mitigating factors, Lopez cannot meet his " ' "burden to clearly show" ' " that the trial court failed to consider the support from his family and the punishment he had received for the new offenses. (*Lee, supra*, 16 Cal.App.5th at p. 866.) The trial court had these facts before it since, during the sentencing hearing, defense counsel told the court that Lopez's aunt was present and his family was supportive.

Defense counsel also stated that while Lopez "did pick up new cases after being put on probation," he was "punished for those" and had been "in another county's jail for eight months." Although the trial court made specific reference to Lopez's "family support" during its discussion of the sentence it was imposing, it did not mention the punishment Lopez received for the new offenses or explain its weighing of these facts. However, the absence of additional discussion does not assist Lopez on appeal. Assuming the trial court was required to consider these factors in mitigation, we must presume on this record that the trial court properly accounted for them. (See *Lee, supra*, 16 Cal.App.5th at p. 867; *People v. Giordano* (2007) 42 Cal.4th 644, 666 [the appellate court presumes judgment is correct and all presumptions are indulged to support it on matters about which the record is silent]; *People v. Gutierrez* (2009) 174 Cal.App.4th 515, 527 ["in light of the presumption on a silent record that the trial court is aware of the applicable law, including statutory discretion at sentencing, [the appellate court] cannot presume error where the record does not establish on its face that the trial court misunderstood the scope of [its] discretion"]; Cal. Rules of Court, rule 4.409 ["[r]elevant factors enumerated in these rules must be considered by the sentencing judge, and will be deemed to have been considered unless the record affirmatively reflects otherwise"].)

Finally, Lopez invites us to decide that the mitigating factors outweighed the aggravating factors found by the trial court. We must decline that request because "[w]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance." (*Carmony, supra*, 33 Cal.4th at p. 378.) Such is the case here.

In sum, we perceive no abuse of discretion in the trial court's decision to sentence Lopez to the middle term.[6]

## IV. DISPOSITION

The judgment is affirmed.

---

[6] Given this conclusion, we need not address the Attorney General's alternative argument that the presumption in favor of the lower term from section 1170, subdivision (b)(6)(B) does not apply to Lopez because his youth was not a "contributing factor" to his commission of the offense.

_____

ADAMS, J.*

WE CONCUR:

_____

BAMATTRE-MANOUKIAN, ACTING P. J.

_____

BROMBERG, J.

*People v. Lopez*
H050617

---

* Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.