Filed 12/17/25  P. v. Ly CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>PHAT TAN LY,<br><br>     Defendant and Appellant. | B340433<br><br>(Los Angeles County<br>Super. Ct. No. GA053174) |

APPEAL from an order of the Superior Court of Los Angeles County, Dorothy L. Shubin, Judge.  Affirmed.

Jennifer Peabody and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney Wyatt E. Bloomfield, Supervising Deputy

Attorney General and Lindsay Boyd, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant and appellant Phat Tan Ly appeals the trial court's order reimposing an upper term prison sentence at a resentencing hearing conducted pursuant to Penal Code section 1172.75. He argues the trial court violated his Sixth Amendment right to a jury trial because there had been no finding beyond a reasonable doubt of aggravating factors in support of the upper term. We affirm the judgment by holding (a) defendant misinterprets the statute in that it requires no such finding, and (b) there was no constitutional violation because defendant's original sentence was the result of a plea agreement in which his jury trial right was both protected and waived.

## BACKGROUND[1]

In 2004, pursuant to a plea agreement, defendant was sentenced to over 42 years in state prison after pleading no contest to the commission of six robberies (Pen. Code, § 211; counts 1–6).[2] Defendant admitted he (1) personally used a firearm on three of the charges, (2) served a prior prison term,[3]

_____

[1] The details of the underlying charges are omitted because they are not relevant to a resolution of the issue on appeal. Suffice it to say, defendant targeted patrons of Asian businesses and committed a series of armed robberies; in many instances, he pushed his handgun against the victims' side or temple and threatened to kill them if they refused to relinquish their cash or property.

[2] Further statutory references are to the Penal Code.

[3] "Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence

and (3) was previously convicted of a charge that qualified as a strike under California's Three Strikes law. Two components of the sentence included the upper term for the robbery charged in count 1 and an additional one year for the prior prison term.

Prior to taking the plea, the trial court acknowledged the agreement including the "high term" on count 1. The court asked, "Is that your understanding, Mr. Ly?" Defendant responded, "Yes, your Honor." He was told he had the "right to a jury trial or [a] court trial" and he expressly waived that right. Defense counsel stipulated to a factual basis for the plea "pursuant to the police report."

Based on the amendment to section 667.5, subdivision (b), defendant filed a May 6, 2024 motion for resentencing pursuant to Penal Code section 1172.75. In the written motion, defendant requested, among other things, that the trial court sentence him to the low term (doubled pursuant to the Three Strikes law) on count 1. When orally arguing the motion, defense counsel modified her position in stating, "Although [section] 1172.75 says -- authorized the court to reimpose [the] high term, I would ask that the court consider imposing [the] midterm instead." The trial court struck one year of time that was imposed for serving a

---

enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years. (Former § 667.5, subd. (b).) Effective January 1, 2020, [the Legislature] amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses. [Citations.]" (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380) The complaint did not allege any of defendant's prior convictions were for sexually violent offenses.

prior prison term. In all other respects the sentence remained the same, including imposition of the high term on count 1.

## DISCUSSION

### *Statutory Scheme*

Effective January 1, 2022, the Legislature added section 1172.75 (Stats. 2021, ch. 728, § 3), which renders "legally invalid" any prior prison term enhancement imposed under subdivision (b) of section 667.5 before January 1, 2020, except for those involving a sexually violent offense. (§ 1172.75, subd. (a).) If a judgment includes such an enhancement, the court shall recall the sentence and resentence the defendant. (§ 1172.75, subd. (c).) At the resentencing, the trial court "shall . . . apply any other changes in the law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

When defendant was sentenced in 2004, the trial court was given the discretion to select a low, middle, or high term prescribed by statute based on its balancing of aggravating and/or mitigating factors. (§ 1170, former subd. (b); Stats. 1977, ch. 165, § 15, p. 647) Effective January 1, 2022, the Legislature amended section 1170, subdivision (b), to make the middle term presumptive and to allow the imposition of the upper term only "when there are circumstances in aggravation of the crime," and the facts underlying those circumstances "have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2); Stats. 2021, ch. 731, § 1.3.) That same year, the Legislature implemented a similar rule with respect to resentencing:

> Unless the court originally imposed the upper term,
> the court may not impose a sentence exceeding the

4

middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.

(§ 1172.75, subd. (d)(4).)

***Statutory Analysis***

Statutory interpretation begins with an examination of the text. (*People v. Partee* (2020) 8 Cal.5th 860, 867.) "If the language of the statute is not ambiguous, the plain meaning controls and resort to extrinsic sources to determine the Legislature's intent is unnecessary." (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 919; see also *People v. Walker* (2002) 29 Cal.4th 577, 581.) "Although courts may disregard literal interpretation of a statute . . . [citation], they should do so rarely, and only in 'extreme cases'—those in which, as a matter of law, the Legislature did not intend the statute to have its literal effect . . . ." (*Gorham Co., Inc. v. First Financial Ins. Co.* (2006) 139 Cal.App.4th 1532, 1543–1544.)

"[A] proviso or clause beginning with the word 'unless' means an exception or condition subsequent rather than a condition precedent." (*Baggett v. Housing Authority* (1987) 195 Cal.App.3d 383, 389.) Thus, because section 1172.75, subdivision (d)(4) begins with the word "unless," the provision can easily be broken down into two components, a requirement and an exception. To impose a sentence exceeding the midterm, it is required that there was a stipulation to aggravating circumstances, or a factfinder must have found aggravating

circumstances true beyond a reasonable doubt. This requirement, however, is not applicable where, as here, the court originally imposed the upper term. There is no ambiguity. (*People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 466–467 (*Brannon-Thompson*) [plain meaning of § 1172.75, subd. (b) is that its requirements apply only if a trial court is imposing an upper term for the first time].)

Defendant contends the plain meaning of the statute should not be followed because to do so would violate defendant's Sixth Amendment right to a jury trial. He suggests we disregard *Brannon-Thompson* and apply *People v. Gonzalez* (2024) 107 Cal.App.5th 312 (*Gonzalez*)—a case that disagreed with *Brannon-Thompson* on the basis that the Sixth Amendment demands the burden of proof requirements apply even if the upper term was imposed on the original sentence. (*Id*. at pp. 328–332.)[4] We disagree with *Gonzalez* and, in any event, it is distinguishable.[5]

---

[4] In its effort to save section 1172.75, subdivision (d)(4) from what it perceived to be constitutional infirmity, *Gonzalez* interpreted the first sentence of the provision as "restrict[ing] the scope of defendants eligible to receive the upper term at resentencing . . . ." (*Id*. at pp. 329–330.)

[5] After acknowledging that section 1172.75 authorized the trial court to reimpose the high term, defense counsel asked the court to "consider imposing [the] midterm" because "under [section] 1170.2, aggravating factors must be admitted or found true to impose the high term. And in this case aggravating factors were not admitted." This is the only argument made in the trial court regarding the application of aggravating factors to justify the upper term. It differs from the argument made on appeal. Because defendant's appellate argument implicates his Sixth Amendment right to a jury trial, the contention is not

6

*Gonzalez* did not address the principle that the Sixth Amendment requires "any fact that exposes a defendant to *a greater potential sentence* must be found by a jury, not a judge, and established beyond a reasonable doubt." (*Cunningham v. California* (2007) 549 U.S. 270, 281, italics added (*Cunningham*).) Section 1172.75 is an ameliorative statute that precludes the imposition of any greater sentence and only permits resentencing courts to reduce the original sentence or leave it intact. (§ 1172.75, subd. (d)(1).) In other words, the provision does not contemplate improper factfinding to impose a sentence that is greater than the original sentence.[6]

In addition, unlike in *Gonzlez*, defendant's original sentence was the product of a plea agreement. As the First District pointed out in the following passage, this is important in assessing an alleged Sixth Amendment/*Cunningham* violation. "In the case where there is a stipulated plea . . ., there is no occasion for the trial court to find any aggravating facts in order to justify the imposition of an upper term at sentencing. . . . [T]he trial court simply sentence[s] [the defendant] according to the terms of the plea agreement. . . . The trial court therefore did not exercise any discretion under former section 1170, subdivision (b) in selecting the lower, middle, or upper term. Further, in entering into the plea, [the defendant] knowingly waived her

---

forfeited (*People v. French* (2008) 43 Cal.4th 36, 46–48) and we saw no need for supplemental briefing on this topic.

[6] The issue of whether section 1172.75, subdivision (d)(4) allows the trial court to reimpose an upper term sentence when circumstances in aggravation were neither stipulated to nor found true beyond a reasonable doubt is pending before the Supreme Court in *People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903.

rights to both a jury trial and court trial.  Therefore, the concern raised in *Cunningham v. California, supra*, 549 U.S. at page 293 that a defendant's Sixth Amendment rights are violated when aggravating facts to support an upper term sentence are not found by a *jury* beyond a reasonable doubt does not exist here."  (*People v. Mitchell* (2022) 83 Cal.App.5th 1051, 1059.)[7]

Because the *Cunningham* rule was not violated by defendant's original bargained-for sentence, it cannot be said that the reimposition of that same sentence was constitutionally infirm.  "[T]he new heightened factfinding requirements for aggravating factors[, set forth in section 1172.75, subdivision (d)(4),] do not apply where the defendant was originally, lawfully

---

[7]    Gonzalez entered an "open plea", wherein he pled no contest to both charged felony offenses, admitted an enhancement for great bodily injury, and admitted alleged prior convictions.  (*Gonzalez, supra*, 107 Cal.App.5th at p. 319.)  An open plea is a plea in which "the defendant is not offered any promises. [Citation.] In other words, the defendant 'plead[s] unconditionally, admitting all charges and exposing himself to the maximum possible sentence if the court later chose to impose it.' [Citation.]"  (*People v. Cuevas* (2008) 44 Cal.4th 374, 381, fn. 4.)

*Gonzalez* did not specifically address whether the original sentence violated the defendant's Sixth Amendment right to a jury trial.  Rather, it focused on error by the resentencing judge: "[O]nly three of the aggravating factors that the court cited in support of its imposition of the upper term were admitted to by Gonzalez as part of his plea.  Accordingly, the trial court relied on some unproven aggravating factors to support its reimposition of Gonzalez's upper term sentence, thus implicating the Sixth Amendment . . . ."  (*Gonzalez, supra,* 107 Cal.App.5th at p. 332.)

sentenced to an upper term." (*People v. Mathis* (2025) 111 Cal.App.5th 359, 374.)  Such is the case here.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

KUMAR, J.*

We Concur:


HOFFSTADT, P. J.


KIM (D.), J.

*      Retired Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.