Filed 2/5/26  P. v. Pedroso CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B341664 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA107472) |
| v. | |
| KEVIN PEDROSO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Thomas Rubinson, Judge.  Dismissed.

G. Martin Velez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant Kevin Pedroso appeals from a judgment of conviction entered following a plea of nolo contendere, arguing that his sentence should be reversed as he did not knowingly and intelligently waive his right to custody credits. Because defendant did not obtain a certificate of probable cause under Penal Code section 1237.5[1], we dismiss.

# II. FACTUAL BACKGROUND[2]

On November 8, 2022, Beverly Hills police officers responded to a report of a theft at Saks Fifth Avenue. The officers contacted a store loss prevention agent who explained that defendant entered the store, placed two shirts with an estimated value over $950 inside his jacket, and exited the store without paying. According to the agent, store security officers contacted defendant outside the store and escorted him to their security office. The responding officers reviewed store surveillance video, confirmed the report, and arrested defendant.

# III. PROCEDURAL BACKGROUND

In a December 19, 2022, information, case number SA107472, the Los Angeles County District Attorney charged defendant with grand theft in violation of section 487, subdivision (a). The District Attorney alleged that defendant had suffered

---

[1] All further statutory references are to the Penal Code.

[2] The facts are taken from the probation report.

one prior serious or violent felony conviction within the meaning of sections 667, subdivisions (b) through (j) and 1170.12, subdivisions (a) through (d).

At the February 6, 2023, pretrial conference, defendant withdrew his guilty plea and pleaded no contest to grand theft. The trial court accepted the plea, found defendant guilty, suspended imposition of sentence, placed defendant on 24 months of formal probation on the condition he serve 181 days in jail, and gave him 181 days of custody credit.

Two years later, on February 8, 2024, the District Attorney filed a motion to revoke defendant's probation.

Following several continuances, the trial court held a probation violation hearing on July 29, 2024. The court considered the matter together with another probation violation proceeding against defendant, case number SA108268, and two pretrial conferences in new case numbers 24VWCF00082 and LA099990. According to the court, "after much negotiation," the parties reached a resolution in all four matters, which it summarized as follows: "[Defendant] will be admitting probation violations on both probation cases, and he's going to receive the mid-term of two years state prison on [case number SA108268], and one-third the mid-term [of] . . . two years, [which is] eight months consecutive on [case number SA107472]. [¶] [Defendant is] waiving his credits on both of those cases. . . . [T]he credits on the current stay in custody which he had a total of 465 days against the two years, eight-month sentence. And then the two open cases will both be dismissed by the [prosecution] as part of the resolution."

After his counsel confirmed that the trial court had accurately summarized the agreed-upon resolution, defendant

3

waived his right to formal hearings in the two probation revocation matters and admitted the two alleged violations. The court found him in violation, revoked probation in both matters, and sentenced him to a term of two years (in case number SA108268) and a consecutive term of eight months (in case number SA107472).

The trial court then addressed the issue of custody credits with defendant: "[Y]ou have the right to custody credits if you have earned them in both of those cases. Do you agree to waive and give up all of that custody credit in both of those cases for all purposes and for all time?" Defendant responded in the affirmative, and his counsel joined in the waiver of credits.

Pursuant to the parties' agreement, the prosecution moved to dismiss the two open cases, and the trial court granted the motion and dismissed case numbers 24VWCF00082 and LA099990.

On September 20, 2024, defendant filed a notice of appeal, accompanied by a request for a certificate of probable cause which the trial court denied.

## IV.  DISCUSSION

Defendant contends that the record of the probation revocation proceeding does not reflect a knowing and intelligent waiver of his custody credits. According to defendant, "the trial court did not take a separate custody credit waiver from [defendant] in [this] case, but instead took a collective waiver in [this] case and the companion probation matter . . ." and also failed to advise him of the specific amount of custody credits to which he was entitled in this case and the other probation

4

matter.  He therefore concludes that "this case should be remanded for the court to resentence [defendant] such that he receives credit for all days in custody he did not knowingly and intelligently waive in [this] case."

The Attorney General counters that the appeal should be dismissed because defendant "is challenging an integral part of the negotiated global disposition, but he did not obtain a certificate of probable cause."[3]  We agree.

A.     *Legal Principles*

Pursuant to section 1237.5,[4] a defendant must obtain a certificate of probable cause to appeal "'from a judgment of conviction upon a plea of guilty or nolo contendere. . . .'" (*People v. Johnson* (2009) 47 Cal.4th 668, 676.)  "Whether the appeal seeks a ruling by the appellate court that the guilty plea was invalid, or merely seeks an order for further proceedings aimed at obtaining a ruling by the trial court that the plea was invalid, the

---

[3]     Defendant did not respond to the Attorney General's arguments and authorities in support of dismissal.

[4]     Section 1237.5 provides:  "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met:  [¶]  (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings.  [¶]  (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

primary purpose of section 1237.5 is met by requiring a certificate of probable cause for an appeal whose purpose is, ultimately, to invalidate a plea of guilty or no contest." (*Id.* at p. 682.) A certificate is not required if the appeal is based on "postplea claims, including sentencing issues, that do not challenge the validity of the plea." (*People v. Cuevas* (2008) 44 Cal.4th 374, 379.) The crucial issue is whether in substance the defendant is challenging the validity of his or her plea. (*Id.* at p. 381.)

B.    *Analysis*

Defendant appeals from a judgment of conviction based on a no contest plea. Although he purports to challenge a portion of the sentence imposed after the plea, namely, the denial of custody credits, at bottom, his appeal challenges the validity of the plea itself as he contends the advisement on his waiver of custody credits during the plea colloquy was inadequate. He was therefore required under section 1237.5 to obtain a certificate of probable cause authorizing an appeal challenging the validity of his plea. Because the trial court denied his request for such a certificate, his appeal is unauthorized and we will dismiss it.

6

## V.    DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM (D.), J.


We concur:


HOFFSTADT, P. J.


BAKER, J.